STATE OF MISSOURI, Respondent, v. M. B. RAFTER, Appellant.

St. Louis Court of Appeals, April 23, 1895.

| 62 | 101 |
| 66 | 330 |
| 62 | 101 |
| 69 | 72 |
| 62 | 101 |
| 73 | 607 |
| 62 | 101 |
| 82 | 57 |
| 62 | 101 |
| 84 | 318 |

Criminal Law: SALE OF INTOXICATING LIQUORS BY DRUGGIST: INDICT-MENT UNDER DRAMSHOP LAW. A person who sells intoxicating liquors as a druggist or pharmacist, must be indicted as such if the sale be contrary to law.

*Appeal from the Lincoln Circuit Court.*—Hon. E.
M. Hughes, Judge.

Reversed (*and defendant discharged*).

*Norton & Avery* for appellant.

*Edgar B. Woolfolk* and *J. W. Powell*, Prosecuting
Attorney, for respondent.

Biggs, J.—The information charges the defendant
with a violation of the dramshop law. He was con-
victed both before the justice of the peace and in the
circuit court. The evidence for the state tended to
prove a sale of two quarts of beer to one William Stew-
art in June, 1893, and that the sales were made by the
defendant at Wombles' drug store in the town of Troy,
in Lincoln county. It was undisputed that Wombles
was a licensed druggist, that he owned the drug store,
and that the defendant was conducting it for him. It
appeared from the certificate of the State Board of
Pharmacy, which the defendant read in evidence, that
he was a duly registered pharmacist. He also showed
by the certificate of the State Board of Health that he
was a graduate in medicine, and was authorized to pur-
sue the practice of medicine in this state. He also read
in evidence two prescriptions for the beer sold by him
to Stewart. The certificates were issued by himself.
At the conclusion of the evidence the defendant asked
the court to direct an acquittal. The court refused, and
the defendant excepted and still excepts.

In refusing the instruction asked, the circuit court
was governed, doubtless, by the cases of *State v. Moore*,
107 Mo. 78, and *State v. Searcy*, 46 Mo. App. 421, which
hold that, where the defense to an indictment for a viola-
tion of the dramshop law is that the intoxicant was sold by

the defendant in the capacity of a druggist or pharmacist, it devolves on the accused to show that the sale was made *in compliance with the requirements of the druggist law* (Chapter 58, Revised Statutes, 1889), that is, for *medical purposes and under a prescription issued by a registered and practicing physician.* Under the more recent decision of *State v. Martin,* 108 Mo. 117, this statement of the rule can not be upheld, and must be considered as practically overruled. There it is held that an indictment against a druggist or pharmacist for an illegal sale of intoxicating liquors must give the name of the person to whom the alleged sale was made, in order that the defendant may be able to prepare his defense, if innocent, or enter a plea of guilty if he has violated the law; whereas, the name of the buyer need not be stated in an indictment for selling intoxicants without a license as a dramshop keeper, for the reason that the dramshop license, if the defendant has one, is a good defense to any such charge. It is quite clear, therefore, that it would be a palpable violation of the principle declared in the *Martin case* to require a druggist or a pharmacist, under an indictment like we have here, to show that, in making the sale, he did not violate the druggist law. If he sold the liquor in the capacity of a druggist or pharmacist, he must be indicted as such, and thereby given a full opportunity to make his defense. *State v. Piper,* 41 Mo. App. 160.

In the present case the evidence for the state shows that the sale was made at Wombles' drug store, and that the defendant was in charge of it. The authenticity or genuineness of the defendant's certificate from the State Board of Pharmacy is not questioned. Therefore, we are of the opinion that the instruction asked by the defendant ought to have been given.

The judgment of the circuit court must be reversed, and the defendant discharged. All the judges concur.