State v. Coday.

STATE OF MISSOURI, Respondent, v. J. K. P. CODAY, Appellant.

St. Louis Court of Appeals, February 2, 1897.

Criminal Law: MISDEMEANOR: INDICTMENT FOR SALE OF INTOXICATING LIQUORS BY PHARMACIST AND DRUGGIST. A regularly registered pharmacist and proprietor of a drug store is not liable to indictment and prosecution under the dramshop act of 1891, but under the act regulating the sale of liquors by druggists.

Appeal from the Wright Circuit Court.—HON. ANGUS Cox, Judge.

REVERSED, AND DEFENDANT DISCHARGED.

F. M. Mansfield for appellant.

The indictment is under the statute regulating the sale of intoxicating liquors by dramshop keepers. Laws 1891, sec. 2, p. 128.

Defendant being a regular registered druggist and pharmacist is only amenable to the statute regulating the sale of intoxicating liquors by druggists. State v. Piper, 41 Mo. App. 160; State v. Gibson, 61 Id. 368; State v. Rafter, 62 Id. 101; State v. Baskett, 52 Id. 389.

No brief filed for respondent.

BLAND, P. J.—Appellant was indicted in the Wright county circuit court, charged with a violation of section 2, dramshop act of 1891, by having sold to one T. W. Freeman, intoxicating liquors in less quantity than three gallons without first taking out and having a license as a dramshop keeper or any

other legal authority to make the sale. The cause was, by agreement of parties, submitted to the court sitting as a jury upon the following agreed statement of facts:

"For the purpose of a trial of this cause the following statement of facts are agreed upon as the evidence herein, to wit: It is agreed that on the day mentioned in the indictment at the county of Wright and state of Missouri, the defendant sold to the witness, T. W. Freeman (who is indorsed as a witness on the back of the indictment), one gill of gin, said gill of gin was sold to said witness by said defendant at the drug store which defendant owned and was conducting; said drug store contained a general stock of drugs and medicines such as are generally kept for sale by druggists; that at the time of said sale by defendant at his drug store the defendant was then and there conducting and operating his drug store and then and there had pharmacist license issued to the defendant by the board of pharmacy of the state of Missouri and was a regular registered druggist and made said sale as such druggist, though without a written prescription first had and obtained from some regular registered and practicing physician; that the defendant at the time of said sale had a merchant's license; that the defendant was not at the time of said sale a dramshop keeper; that defendant made said sale in good faith believing that he had a right so to do as druggist and pharmacist under his license as such."

Appellant asked the following instruction, which was refused by the court:

"The court declares the law to be that under the indictment and agreed statement of facts submitted as the evidence in this cause the defendant is not guilty."

This ruling was excepted to and exceptions duly saved by appellant. The court found defendant guilty, assessed his punishment by fine of $40, and rendered

judgment accordingly. Appellant filed motion for new trial in due time; this being overruled, he brings his case here by appeal, and assigns as error that the court erred in refusing to declare the law as prayed by appellant, and that the finding of the court is contrary to the evidence.

The appellant being a regular registered pharmacist and the proprietor of a drug store was not amenable to the dramshop act, but to the act

INDICTMENT for sale of intoxicating liquors by pharmacist and druggist.

regulating sale of liquors by druggists, and should have been indicted and prosecuted under that act.   *State v. Piper*, 41 Mo. App. 160; *State v. Rafter*, 62 Mo. App. 101.   It will be seen from these authorities that appellant's instruction should have been given.

Judgment reversed and defendant discharged. All concur.