# THE STATE OF MISSOURI vs. KESSLERING.

If an indictment upon the statute concerning "billiard tables," describes the offence, in, the words of the act, it is good.

## APPEAL FROM THE ST. LOUIS CRIMINAL COURT

STRINGFELLOW, for appellant.

| | |
|---|---|
| 12 | 565 |
| 37a | 216 |
| 12 | 565 |
| 102 | 364 |
| 12 | 565 |
| 109 | 615 |
| 12 | 565 |
| 61a | 247 |
| 12 | 565 |
| 64a | 508 |
| 12 | 565 |
| 134 | 274 |
| 12 | 565 |
| 170 | 191 |
| 171 | 25 |
| 171 | 44 |

The criminal court has jurisdiction. The terms "crime," "offence," and "criminal offence" used in any statute, mean any offence punishable by fine or imprisonment, or both.

Sect. 39, Art. 9, concerning crimes and punishments, Rev. Code, 1845, p. 415.

The acts charged are not double in the sense which vitiates an indictment. The acts charged constitute the same offence. It has been repeatedly held that several distinct acts of *selling* may be charged in the same count against a grocer or dram shop keeper, so several assaults may be charged in one count. It is submitted that the only case in an indictment for misdemeanors, in which distinct offences cannot be joined, is that in which the punishment for such offences is different. In indictments against dram shop keeper, ferry keepers, and for keeping gambling devices, it is the invariable and approved practice to charge several acts, each of itself sufficient to warrant a conviction. 15 Pick. 274; 9 Wen. 193; 1. Ch. Cr. law, 254; State vs. Buford, 10 Mo. R. 704.

3. It is not necessary to charge ownership. A lessee of a table, or an agent of the owner, is as liable as the owner.

Judge RYLAND, delivered the opinion of the court.

This was an indictment against the defendant, John Kesslering, upon the statute concerning "billiard tables." The fifth section of the act is in the following words: "Every person who shall keep or permit to be used and kept, any billiard table, without having a license therefor, shall forfeit and pay four hundred dollars for the use of the State, to be recovered by indictment." The indictment in this case is in the following words, viz:

STATE OF MISSOURI,   } ss.    St. Louis Criminal Court,
County of St. Louis.   }    January Term, 1848.

"The grand jurors of the State of Missouri, within and for the county of St. Louis, now here in court, duly empanelled, sworn, and charged upon their oath, present that John Kesslering, late of the city of St. Louis, in the county of St. Louis aforesaid, on the first day of March in the year of our Lord one thousand eight hundred and forty-seven, and on divers other days and times, between that day and the day of the finding of the indictment, at the city of St. Louis aforesaid, unlawfully did keep

and permit to be used and kept, a billiard table, without then and there, and on said divers other days and times, having any license therefor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

D. N. HALL,<br>Circuit Attorney."

The defendant was arrested by virtue of a capias issued on this indictment, and appeared to the indictment and filed his demurrer thereto, setting out as causes of demurrer, "that the said declaration is double, in this, that it charges said Kesserling with keeping a billiard table, and also for permitting to be used and kept a billiard table without license therefor, and that said indictment is in other respect informal and insufficient in law."

The court sustained the demurrer to said indictment, and the State brings the case before this court by appeal.

The only point, therefore, before this court is the sufficiency of the indictment.   The offences in this case is created by the statute ; and all the acts that constitute it are set forth in the statute, and it is only necessary for the circuit attorney to charge the offence in the words of the statute.   In the case of Tully vs. The Commonwealth, 4 Metcalf Rep. 358,  chief justice Shaw says : "When the statute punishes an offence, by its legal designation, without enumerating the acts which constitute it, then it is necessary to use the terms which technically charged the offence named at common law.   But we think this is not necessary when the statute describes the whole offence, and the indictment charges the crime in the words of the statute."

The indictment is in the words of the statute, and the circuit attorney has used both clauses mentioned in it, either one of which is an offence. The defendant complains because he is thus charged.   We think there is nothing in the objection which he makes.   In the case of Stows vs. The State, 3d Vol. Mo. Reports, page 9, this objection is made and considered by this court as having no force in it.   We deem it not necessary to take any further notice of this objection.   In misdemeanors rigid nicety is never exacted.   Here the offence is charged in the words of the law, and instead of the circuit attorney having two counts in his indictment, he has included the whole, "the keeping" and "the permitting to be used and kept," in one count.   According to the principles laid down in the case of Stous vs. The State, above cited, the defendant at least has no cause to complain; it is better for him, and I do not feel disposed to lend a willing ear to such technical objections.

If a person be the owner of a billiard table, and for his private amuse-ment should have it put up in one of the rooms of his residence, where his family and his visitors amuse themselves playing thereon, I should suppose that the court (should he be indicted for this) would instruct the jury, upon request, that such "keeping," and such "permitting to be used and kept," were never designed by the legislature to be punishable by indictment.

The criminal court has it in its power, and I doubt not will always cheerfully use it to restrain unwarrantable interference by grand juries, should such ever present itself. Let the defendant then call on the court for instructions, whenever he supposes the charge is not made out against him according to the obvious meaning and intent of the legisla-ture. If we require the circuit attorney to go out of the statute to make averments of acts not named therein, we know of no criterion to which he can look as a guide.

The criminal court then erred in sustaining the defendant's demurrer to this indictment. Its judgment is reversed, and the case remanded for further proceedings, not inconsistent with this opinion.