THE STATE v. STOGSDALE, *Appellant.*

**Pigeon-hole Table:** AN INDICTMENT for keeping, &c., a pigeon-hole table without license is sufficient if it charges the offense in the language of the statute which creates it. Wag. Stat., p. 213, § 7.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—At the October term, 1874, of the circuit court for Montgomery county defendant was indicted for keeping and permitting to be used a pigeon-hole table without license. Defendant was put upon his trial and

convicted, and judgment rendered against him for $400, from which he has appealed to this court. The only question presented by the record for our consideration is the sufficiency of the indictment, and this arises out of the action of the court in overruling the motion of defendant to quash it. The indictment alleges " that on the 12th day of October, 1874, and at divers other times and days between that day and the finding of this indictment, at the county and State aforesaid, one James Stogsdale did unlawfully keep, and permit to be used and kept, a pigeon-hole table without then and there, and on said divers other days and times, having any license therefor, contrary to the form of the statute," &c. The first section of Wag. Stat., p. 212, provides that "the county court shall have power to license the keepers of billiard tables, pigeon-hole tables," &c. The seventh section provides that " every person who shall keep, or permit to be used and kept, any one or more of the tables mentioned in the first section of this act, without having a license therefor, shall forfeit and pay $400 for the use of the State, to be recovered by indictment." The indictment is framed on this section, and charges the offense in the words of the act creating it, and is therefore sufficient. The sufficiency of an indictment for keeping a billiard table without license, founded on a similar statute and worded in all respects like the one we are considering, except that the words pigeon-hole table are used in the place of billiard table, was called in question in the case of *State v. Kesslering*, 12 Mo. 565, and it was held to be good, and to contain all the averments required by law to be made. Judgment affirmed, in which the other judges concur.

AFFIRMED.