## The State, *Appellant*, v. Davis.

**Indictment in Statutory Language**: ABANDONMENT. When a statute defining an offense employs terms which have a fixed legal signification, an indictment following the language of the statute without more will be good.

This rule is applicable to an indictment against a father under section, 34, page 497, Wag. Stat., for "abandonment" of his child.

*Appeal from Stoddard Circuit Court*—HON. R. P. OWEN, Judge.

REVERSED.

*J. L. Smith*, Attorney-General, for the State, cited *State v. Addcock*, 65 Mo. 590; *State v. Watson*, 65 Mo. 115; *State v. Newberry*, 43 Mo. 429

HENRY, J.—The defendant was indicted in the circuit court of Stoddard county, under section 34 of the act concerning crimes and punishments, Wag. Stat., p. 497, which

is as follows: " Every husband shall be deemed guilty of a misdemeanor, who, shall without good cause abandon his wife, and fail, neglect, or refuse to maintain and provide for her; or who shall, without good cause, abandon his child or children, under the age of twelve years, born in lawful wedlock, and fail, neglect, or refuse to maintain and provide for such child or children." There were three counts in the indictment, which, on motion, was quashed, and the State has appealed. The first and second counts charged an abandonment of the wife, but here, the attorney-general only insists upon the sufficiency of the third which, in the language of the statute, charged an abandonment of his child by the defendant.

Generally it is sufficient to charge an offense in the language of the act defining it. If the act does not specifically define the offense, but only prescribes the punishment for committing it, for instance, if an act should declare that any one guilty of larceny should be punished, &c., an indictment merely charging that the accused had committed larceny would be insufficient. If the statute had declared that if any parent should treat his child with cruelty, he should be deemed guilty of a misdemeanor, an indictment charging the offense in the language of the statute would be insufficient, because there are divers ways of treating a child with cruelty, and the general terms, would not import the specific act. So larceny may be committed of many kinds of property, and the specific acts relied upon as constituting the offense in a given case, must be alleged in the indictment. The abandonment of a child is a statutory offense, and the language of the statute is sufficient in an indictment, to charge the crime. Abandonment does not mean a mere temporary absence from home, or temporary neglect of parental duty. Bouvier defines abandonment thus: " the act of a husband, or wife, who leaves his or her consort, willfully and with an intention of causing perpetual separation." Webster defines it as " a total desertion ; a state of being forsaken."

Additional words in the indictment would have been but definitions of the term "abandonment," in words which perhaps would equally require definitions. We think the thir : count of the indictment good and that the motion to quash should have been overruled. All concurring, the judgment is reversed and the cause remanded.