STATE OF MISSOURI, Respondent, v. EDWARD JAMES, Appellant.

Kansas City Court of Appeals, May 30, 1889.

1. **Disturbing the Peace:** SUFFICIENCY OF INDICTMENT FOR. An indictment under section 1527, Revised Statutes, which charges that E. J. on etc., at etc., did unlawfully and wilfully disturb the peace of a certain family, to-wit, etc., by then and there cursing and swearing and by loud and unusual noise against, etc., is fatally insufficient as it fails to set forth the charge with such precision and fulness as to inform defendant of the offense and the cause of the accusation.

2. **Indictment:** RULE AS TO FOLLOWING THE WORDS OF THE STATUTE. It is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice from the mere adoption of the statutory terms what the offense he is to be tried for really is. But in no other case is it sufficient to follow the words of the statute.

*Appeal from the Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Moore & Williams*, for the appellant.

(1) The indictment was insufficient, and the motion in arrest should have been sustained. (2) The first clause does not use the language of the statute which specifies the character of the acts constituting the offense of disturbing the peace. (3) The second clause specifies no acts constituting the offense. R. S. 1879, sec. 1527; *State v. Bach*, 25 Mo. App. 554; *State v. Hayward*, 83 Mo. 299–311 and citations; *State v. Crooker*, 95 Mo. 389; *State v. Rochford*, 52 Mo. 199; *Stener v. State*, 17 Rep. [Wis.] 670; Heard, Crim. Plead. and Prac. 161 to 166, inclusive; 1 Arch. Crim. Plead. 88 (side page); Whar. Crim. Pl. and Prac., sec. 220; 1 Bish. Crim. Prac., sec. 81; Const. Mo., art. 2, sec. 22.

No brief for respondent.

SMITH, P. J.—The defendant was indicted, tried and convicted in the circuit court of Moniteau county for the crime of disturbing the peace of a family. He prosecuted his appeal here from the judgment of said court on the ground mainly that the indictment, which was based on section 1527, Revised Statutes, and which charges "that Edward James, the defendant, on the first day of February, A. D. 1888, etc., did unlawfully and wilfully disturb the peace of a certain family, to-wit:—The

family of Richard Cox, by then and there cursing and swearing and by loud and unusual noise against the peace and dignity of the state," was insufficient. If this ground of objection is well taken it is fatal to the judgment.

The question which we have to decide is whether the charge of the indictment is sufficient to hold the defendant to answer the same. It will be observed that the charge of "cursing and swearing" is not included in the said statutory group of offenses. So much of the charge as is embraced in these words is mere surplusage.

The question is therefore narrowed down to whether the indictment which charges the disturbance of the peace of the family "by loud and unusual noise" is sufficient in law.

The twenty-second section of article 2 of the constitution of this state in effect provides that no one shall be held to answer a criminal charge unless the crime with which it is intended to charge him is set forth with such precision and fulness as to inform him of the offense and the cause of the accusation.

The rule of pleading is that when all the facts which constitute the offense are set forth in the statute it will be sufficient to charge the offense in the language of the statute. *State v. Kesterling*, 12 Mo. 565; *State v. Davis*, 70 Mo. 467.

But when the statute punishes an offense by its legal designation without enumerating the acts which constitute it, then it is necessary to use the terms which technically charge the offense named at common law. It has been affirmed that in general principles of common-law pleading it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice from the mere adoption of the statutory terms what the offense he is to be tried for really is. But in no other case is it sufficient to follow the words of the

The State v. James.

statute. And it is no more allowable under a statutory charge to put the defendant on trial without specification of the offense than it would be under the common law. Wharton, Cr. Pl. and Prac., sec. 220; *State v. Gardner*, 28 Mo. 90; *State v. Rochford*, 52 Mo. 199; *State v. Davis*, 70 Mo. 467; *State v. Hayward*, 83 Mo. 299; *State v. Crooker*, 95 Mo. 390.

In view of these principles of pleading in criminal cases we think the indictment in question charging the defendant with disturbing the peace of a family in the language of the statute—"by loud and unusual noise," is insufficient because there are many and divers ways and means of making such noise, and that these terms do not import the specific act.

There is a total want of specification under the charge. Whether the "loud and unusual noise" was made by the discharging of fire arms, cursing and swearing or hallooing, or by any other manner or means, the indictment fails to inform the defendant as it ought to have done before he could have been called upon to answer the substantial charge therein contained. *State v. Davis*, 70 Mo. 467; *State v. Hayward*, 83 Mo. 304; *State v. Flint*, 62 Mo. 393.

It is not however to be understood from what is here said that the principles of pleading, upon which this case has been disposed of, are applicable to those offenses mentioned in said section 1527, which are individuated by the words of the statute itself.

It follows from these observations that the judgment of the circuit court must be reversed and the defendant discharged. All concur.