THE STATE OF MISSOURI, Appellant, v. CHARLES MORRISON, Respondent.

### Kansas City Court of Appeals, January 20, 1896.

Criminal Law: LEWDNESS: INDICTMENT. When all the facts constituting an offense are set forth in the statute, it will be sufficient to charge the offense in the language of the statute; but an indictment under the second clause of section 3798, Revised Statutes, 1889, for gross lewdness, should set it forth in the words of the statute and all the facts constituting the particular offense intended to be charged, such as giving the names of the parties alleged to have participated in the offense.

*Appeal from the Pettis Circuit Court.*—HON. P. D. HASTAIN, Special Judge.

AFFIRMED.

*Frank B. Fulkerson* for appellant.

The information charges an offense sufficiently under the statute (*State v. Appling*, 25 Mo. 315; Kelly's Criminal Law, section 942) and is good at common law. *State v. Rose*, 32 Mo. 561; *State v. Brey*, 1 Mo. 180; Blackstone's Com., book fourth, subdivision 9, original paging, 64 and 65; 2 Cooley's Blackstone [3 Ed.], top paging 63, book 4, and page 312.

*A. B. Logan* for respondent.

(1) An information in a criminal case must be so specific as to state the exact offense of which the defendant is charged, and so individuate the offense as to be a bar to a second prosecution. *State v. Clevenger*, 20 Mo. App. 626; *State v. Fancher*, 71 Mo. 461; *State v. McChesney*, 90 Mo. 120; *State v. Crocker*, 95 Mo. 389. (2) The information in this case is too vague, indefi-

nite, and uncertain to apprise defendant of the exact offense intended to be charged against him, and to prepare his defense. *City of St. Louis v. Fritz*, 53 Mo. 582; *State v. Tuley*, 20 Mo. 423; *State v. Green*, 111 Mo. 585; *State v. Reed*, 117 Mo. 604; *State v. Martin*, 108 Mo. 117.

SMITH, P. J.—The information which was based on section 3798, Revised Statutes, was held insufficient, on motion to quash, and the defendant discharged. The state brings the case here by appeal. The information charges that "the defendant on, etc., at, etc., was then and there unlawfully guilty of open, gross lewdness, and lascivious behavior, and notorious acts of public indecency, grossly scandalous, by then and there lewdly, grossly, and scandalously taking a harlot to a place of public worship, to wit, a church festival, for the purposes of prostitution and then and there soliciting certain members of said church festival to go and have illicit intercourse with said harlot and holding the said harlot out to the male members of said church festival and public assemblage as being ready and willing to have and to hold carnal and illicit intercourse for hire, contrary," etc.

The question which we are called upon to determine is whether said information charges an offense under the statute already referred to.

The rule of criminal pleading is that, when all the facts constituting the offense are set forth in the statute, it will be sufficient to charge the offense in the language of the statute. *State v. James*, 37 Mo. App. 214; *State v. Kesterling*, 12 Mo. 565; *State v. Davis*, 70 Mo. 467. While the information, it will be observed, charges the offense in the language of the statute, it is obvious that this is not sufficient. The statute does not so far individuate the offense that the offender would have proper

notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is. The information should charge the facts constituting the open, gross lewdness or lascivious behavior, or the open and notorious act of public indecency, grossly scandalous. Without such specifications, the information will be insufficient. *Dameron v. State*, 8 Mo. 494; *State v. Gardner*, 28 Mo. 90.

The pleader in this case no doubt so understood the rule, for the information not only charges the supposed offense in the language of the statute, but goes further and undertakes to specify the facts constituting the offense. This brings us to the consideration of the question whether the specifications are sufficient.

The information charges the defendant with taking a harlot to a place of public worship. For a proper purpose and at a proper time, this act would, no doubt, be quite praiseworthy; but to take her there for the purpose of prostitution, as it is charged was done in the present case, was an act grossly indecent and scandalous. The information, to avoid the objection of being vague and indefinite, should give the name of the harlot in such case. It would be necessary to prove that woman charged with being a harlot was such. She may have been virtuous and pure. Her name should be given so as to afford the defendant an opportunity of proving the fact, if it was a fact. This would be fair and just to the defendant. The information ought to give him notice of all the facts upon which the state relies as constituting the crime. The general rule of criminal procedure is that the accused has the indisputable right to be informed specially of the charge against him, in order that he may prepare for his defense and also to the end that the record of his acquittal or conviction may be a good bar in case he is put

upon trial again for the same offense. The indictment or information must be so definite in its terms as to render every right of defense to which the accused is entitled practically available at the trial. *State v. Martin*, 108 Mo. 128.

*St. Louis v. Fitz*, 53 Mo. 582, was where the defendant was charged with violating a certain city ordinance, "by knowingly associating with persons having the reputation of thieves and prostitutes," etc. In criticising the information, it was stated by Judge NAPTON, who delivered the opinion of the court in the case, that the charge was too indefinite and vague to be tolerated in a criminal proceeding, for several reasons, one of which was that it did not give the names of the persons said to be laboring under the reputation of thieves. "How," says the judge, "under such charge, was the defendant to prepare his defense?" It will be seen by reference to the approved precedents of indictments in such cases, that in the specifications under the substantive charge, the woman who is *particeps criminis* is invariably named in the information. Kelly's Crim. Law and Prac., sec. 942. And as the lascivious behavior, grossly scandalous, of which the defendant was charged, consisted in part in the solicitation by him of certain male persons at said church festival to have carnal intercourse with said harlot, it seems to us that the names of the persons so solicited also ought to have been given. We are, therefore, of the opinion that the information should not only have given the name of the harlot, but those of the persons who were solicited to have illicit intercourse with her.

The specifications of the information were insufficient to require the defendant to answer the substantive charge therein made. And whether the information is based on the statute, or the common law, it seems to

us that the defect in the specifications, in the particular just noted, would be equally fatal.

The other points discussed in the briefs of counsel need not be noticed. The judgment must be affirmed. All concur.