66	403|
158s	73|

THE STATE. OF MISSOURI, Appellant, v. GEO. SMITH
et al., Respondents.

Kansas City Court of Appeals, May 4, 1896.

1. **Criminal Law**: INFORMATION : FORCIBLE ENTRY AND DETAINER.
An information charging the defendants with unlawfully, by force
and violence and without authority of law, taking and keeping posses-
sion of real property is insufficient in that it does not charge what the
force and violence consisted of.

2. ———: PLEADING : STATUTE. In many cases it is only necessary to
charge the offense in the language of the statute; but this rule only
applies where the facts which constitute the offense are set out in the
statute.

*Appeal from the Saline Criminal Court.*—HON. A. J.
HAYNES, Special Judge.

AFFIRMED.

*Robt. M. Reynolds* and *Jno. G. Miller* for appel-
lant.

(1)	In general it is sufficient to follow the lan-
guage of the statute. *State v. Terry*, 109 Mo. 615;
*State v. McDaniel*, 40 Mo. App. 357; *State v. Fare*, 39
Mo. App. 110; *State v. Parker*, 39 Mo. App. 116; *State
v. Patten*, 43 Mo. App. 620; *State v. Buck*, 43 Mo. App.
448; *State v. Brumley*, 53 Mo. App. 129.	(2) An infor-
mation following the language of the statute is suffi-
cient in those instances where the facts constituting the
offense are set forth in the statute itself which declares,
announces, or creates the offense. *State v. Terry, supra;
State v. Kesslering*, 12 Mo. 565; *State v. Davis*, 70 Mo.
467; *State v. Fare*, 39 Mo. App. 112. (3) An informa-
tion following the language of the statute is sufficient

when the statute so far individuates the offense that the offender has proper notice from the mere adoption of statutory terms what the offense he is to be tried for really is. Wharton, Cr. Pl. and Pr., sec. 220; Heard, Cr. Pl. and Pr., 161, 162, 163, 165, 166; Archbold, Cr. Pl. and Pr., 88; Bishop, Cr. Pro., 81, 86, 88, 519, 566, 568; *State v. Rockford*, 52 Mo. 199. (4) The statute in question (R. S. 1889, sec. 3779) individuates the offense so that defendants have notice from the mere adoption of its terms into the information of the offense for which they are to be tried. The facts constituting the offense are set forth in the statute itself. *First.* Taking and keeping possession of real property. *Second.* By actual force and violence. *Third.* Without authority of law. It is therefore sufficient to follow its language.

*T. H. Harvey* for respondent.

(1) The intention of section 3779, was "to prevent breaches of the peace by punishing persons, who by actual violence, or by threats of immediate violence, accompanied by the display of a deadly or dangerous weapon, should dispossess those in actual occupation of real property." *State v. Richards*, 15 Mo. App. 331. Such being the intention of section 3779, the prosecutor should "set out" in his information facts sufficient to charge defendant with its violation. (2) "Following the general language of the statute will not answer, only in those instances where all the facts which constitute the offense are set forth in the statute itself, which declares or announces or creates the offense." *State v. Terry*, 109 Mo. 615; Wharton's Criminal Pleading & Practice [9 Ed.], secs. 220–221. (3) An information following the language of the statute is not sufficient, except when the statute so far individuates the offense,

that the defendant has proper notice from the mere adoption of statutory terms, what the offense he is to be tried for really is. *State v. Fare*, 39 Mo. App. 110; *State v. Hayward*, 83 Mo. 299. (4) "It is no more allowable under a statutory charge to put the defendant on trial without specification of the offense, than it would be under a common law charge." *State v. Gardner*, 28 Mo. 90; *State v. Rocheforde*, 52 Mo. 199; *State v. Hayward*, 83 Mo. 299.

GILL, J.—In an information filed before a justice of the peace, it was charged that the defendants "did unlawfully, by actual force and violence, and without the authority of law, take and keep possession of certain real property. When the cause reached the criminal court, where it was taken by appeal, a motion to quash the information was sustained, on the ground, as stated in the motion, that "said information is insufficient in that it does not charge what the actual force and violence consisted of on the part of defendants in obtaining and keeping possession of the property described in said information." The state appealed.

As already indicated, the sole question is, whether or not the information sufficiently set out the facts constituting the offense. The statute provides that "every person who shall take or keep possession of any real property, by *actual force or violence*, without the authority of law,  *  *  * shall on conviction be adjudged guilty of a misdemeanor." R. S. 1889, sec. 3779. It is contended, and the trial court so held, that the information should have stated specifically of what this actual force and violence consisted; and in our opinion the court's ruling was correct. In many cases it is only necessary to charge the offense in the language of the statute, as was done here. However, this rule only applies where the statute specifically

describes or defines the offense; or, as stated in *State v. Hayward*, 83 Mo. 299, "the rule only applies where all the facts which constitute the offense are set out in the statute."

The information should have stated the *facts* which constituted the *force* and *violence* complained of, so that the defendants might know what they had to defend. The remarks made in *State v. Davis*, 70 Mo. 468, will illustrate our meaning: "If the statute had declared that if any parent should treat his child with *cruelty* he should be deemed guilty of a misdemeanor, an indictment charging the offense in the language of the statute would be insufficient because there are divers ways of treating a child with cruelty, and the general terms would not import the specific act."

Judgment affirmed.   All concur.