CITY OF TRENTON, Respondent, v. F. M. DEVORSS, Appellant.

Kansas City Court of Appeals, March 22, 1897.

1. **Municipal Corporations**: PROSECUTIONS FOR VIOLATION OF ORDINANCE: INCORPORATION: COLLATERAL. In the prosecution before a city court for a violation of its ordinance it is not necessary to allege or prove that the plaintiff was incorporated, and the courts will, as the statute requires, take judicial notice of the incorporation which can not be attacked collaterally but only in a direct proceeding.

2. **Appellate Practice**: EVIDENCE: EXCEPTION. The appellate court will not notice the action of the trial court in admitting in evidence the city ordinance on which a prosecution is founded when no exception was taken or preserved at the trial.

3. **Municipal Corporations**: PROSECUTION FOR VIOLATION OF ORDINANCE: INFORMATION. Where the ordinance of a city, for the violation of which a prosecution was instituted, was read in evidence but not set out in the bill of exceptions, the appellate court can not determine whether the facts in the complaint constitute a breach of the ordinance or not. However, the complaint will be sufficient if it follows the language of the ordinance; and the same strictness is not required as in criminal prosecutions, and on the record the complaint in this case appears to be sufficient.

4. ——: ——: INSTRUCTIONS. Instructions in this case appear to be sufficient and fairly submit the issues to the jury.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*O. G. Williams* and *J. T. Devorss* for appellant.

(1) Respondent city of Trenton fails to prove its own corporate existence as the record nowhere discloses that it has availed itself of the general laws authorizing cities and towns to become incorporated and courts will not take judicial notice of such incorporation. *City of Hopkins v. R. R.*, 79 Mo. 98–100; *State v. Hays*, 78 Mo. 600–606; *Rousey v. Wood*, 47 Mo. App. 465–469; *Spurlock v. Dougherty*, 81 Mo. 171–180. (2) The record discloses no ordinance on which this action is sought to be based and "courts will not take judicial notice of the enactments of municipal corporations." *Cox v. City of St. Louis*, 11 Mo. 276; *City of St. Louis v. Roche*, 128 Mo. 544, 545; *City of Hopkins v. R. R.*, 79 Mo. 98; *State v. Hays*, 78 Mo. 600–606; *School Dist. v. Dornton*, 125 Mo. 439–443, 444; *Hambleton v. City of Dexter*, 89 Mo. 188–191; *Rousey v. Wood*, 47 Mo. App. 465–469; R. S. of Mo., sec. 4846. (3) The record nowhere shows an arraignment or plea of defendant and the judgment should be reversed. 117 Mo. 380; R. S. 1889, sec. 4347. (4) The same rules apply to prosecutions for misdemeanors, whether the action is founded on a general statute or on a municipal ordinance, and whether the party be arraigned before a police judge or before a judicial officer of the state. *Town of Greenwood v. Roberts*, 59 Mo. App. 167–171. (5) The information or complaint filed by the city attorney is bad. The indictment or information must be so definite in its terms as to render every right of defense to which the accused is entitled, practically

available at the trial. *State v. Morrison*, 64 Mo. App. 507–509; *State v. Martin*, 108 Mo. 117; *State v. Crooker*, 95 Mo. 389–395; *St. Louis v. Fitz*, 53 Mo. 582; *Dameron v. State*, 8 Mo. 494; *State v. Gardner*, 28 Mo. 90. Because the information does not charge that any of the offenses described therein were actually committed by any person or persons or that the defendant had any knowledge of even an intent to commit them by anyone. *Howell v. Stewart*, 54 Mo. 404.

*Hugh C. Smith* for respondent.

(1) It was not necessary to allege or prove the corporate existence of respondent city, as the courts of this state will take judicial notice thereof. The only way the corporate existence of respondent can be questioned is in a direct proceeding by the state, and a private person can not usurp this function. *City of St. Louis v. Shields*, 62 Mo. 247–252; Cooley's Const. Limitations, 254; *Inhabitants of the Town of Fredericktown*, 84 Mo. 59–65; *Thornton v. Bank*, 71 Mo. 221; *Whalin v. City of Macomb*, 76 Ill. 49–52. Defendant in a suit by a city to enforce a penalty for the violation of one of its ordinances can not question the corporate existence of a municipality recognized by the state as such. Sess. Acts, 1893, p. 67, sec. 1; *City of Billings v. Dunnaway*, 54 Mo. App. 1–3; *City of Clarence v. Patrick*, 54 Mo. App. 462–466; Cooley on Const. Limitations, 254; *Eubank v. City of Edina*, 88 Mo. 650–654; *Bowie v. City of Kansas*, 51 Mo. 454–460; Sess. Acts, 1893, p. 100, sec. 122; *City of Springfield v. Whitlock*, 34 Mo. App. 642, 646, 647. (2) The record shows the introduction of the ordinance mentioned in the city attorney's statement. It devolves upon appellant to show affirmatively that the trial court committed

City of Trenton v. Devorss.

error, and in the absence of such showing the presumption is that he did not. *Fay v. Gordon*, 133 Mo. 414, 426; *Bradley v. Reppell*, 133 Mo. 545–560; *St. Louis v. Weitzel*, 130 Mo. 600–612; *State v. Barnes*, 85 Mo. 47–50; *State v. Harkins*, 100 Mo. 666–671; *State v. Cunningham*, 100 Mo. 382; Elliott on Appellate Procedure, sec. 195. This case should be affirmed, it not only not appearing affirmatively that the ordinance was not introduced, but the bill of exceptions expressly showing that it was. *Taussig v. R'y*, 8 Mo. App. 578; *Tob. Co. v. Walker*, 123 Mo. 663–670; *Johnson v. Lullman*, 15 Mo. App. 55, 56; *State v. Schuchmann*, 133 Mo. 111. (3) The record does show appellant's arraignment, both in police court and in the circuit court. No arraignment was, however, necessary. *City of St. Louis v. Knox*, 74 Mo. 78–81; *Ex parte Hollowedell*, 74 Mo. 395. (4) This is a civil action and should be governed according to the rules applicable to civil procedure. *St. Charles v. Hackman*, 133 Mo. 634; *City of St. Louis v. Weitzel*, 130 Mo. 600, 612. (5) The information in this case is sufficient. Cases cited, *supra*, point 4; *St. Louis v. Weitzel*, 130 Mo. 600, 612, and cases then cited. These facts may be essential to establish defendant's guilt, but are not necessary allegations in the complaint or attorney's statement. *State v. Scaggs*, 33 Mo. 92, 93, 94; 1 Bishop, Crim. Law, sec. 1038; 2 Wharton, Crim. Law [9 Ed.], sec. 1450; *State v. Patterson*, 7 Ired. 70; *City of Savannah v. Dickey*, 33 Mo. App. 522, 523.

SMITH, P. J.—The defendant was prosecuted and convicted for the violation of an ordinance of the city of Trenton. From the judgment of the circuit court he has prosecuted his appeal here and urges as the principal ground thereof that the record does not dis-

City of Trenton v. Devorss.

MUNICIPAL corporations: prosecutions for violation of ordinances: incorporation: collateral.

close that there was any proof adduced at the trial tending to show that the plaintiff was an incorporated city of the third class nor that it was incorporated at all. It was not necessary in a case of this kind to allege or prove that the plaintiff was incorporated. Under the provisions of section 1 of the act of April 19, 1893 (Session Acts 1893, p. 66), we are authorized to take judicial notice of the fact that the city of Trenton is incorporated a city of the third class. *City of Savannah v. Dickey*, 33 Mo. App. 522; *City of Billings v. Dunnaway*, 54 Mo. App. 1; *City of Clarence v. Patrick*, 54 Mo. App. 462. The plaintiff's corporate existence can not be collaterally called in question. It can be done only in a direct proceeding for that purpose by the state which authorized its creation. *St. Louis v. Shields*, 62 Mo. 247; *Fredericktown v. Fox*, 84 Mo. 59; *Thornton v. Bank*, 71 Mo. 221; *Shewalter v. Perner*, 55 Mo. 218; *Sand v. Coffman*, 50 Mo. 243; *Mathews v. Skinker*, 98 U. S. 621. There is no provision either in the local option law, article 2, chapter 56, Revised Statutes, nor in the statute relating to the restraining of animals running at large, article 2, chapter 5, Revised Statutes, nor in that relating to township organization, chapter 162, Revised Statutes, requiring the courts to take judicial notice of the adoption of said statutes, and therefore the adjudicated cases to which our attention has been called by the defendant have no application to the present case. *Rousey v. Wood*, 47 Mo. App. 465; *State v. Searcy*, 39 Mo. App. 393; *Hayward v. Guilford*, 69 Mo. App. 1.

The defendant further objects that the trial court erred in its action permitting the plaintiff to read in evidence the ordinance on which the prosecution was founded, but as no exception was taken and preserved to the action of

APPELLATE practice: evidence: exception.

the court in that regard we are powerless to review the same.

The defendant finally contends that the information which alleged that the defendant on, etc., within the corporate limits of said city "did then and there rent, keep, and occupy and have in his possession and under his control and management, a room and rooms to which a person and persons resorted for the purpose of prostitution and adultery contrary to and in violation of section 1 of the ordinance of said city entitled "An ordinance to punish offenders against public morals and decency." The ordinance referred to, though given in evidence, was not preserved in the bill of exceptions. We are unable therefore to determine from an inspection of it whether the facts alleged in the complaint constitute a breach of such ordinance or not. The prosecution is but a civil action, and the sufficiency of the complaint must be determined by the same rules that govern other civil actions. If the complaint describes the offense in the language of the ordinance it is sufficient. *St. Louis v. Weitzel*, 130 Mo. 600. The complaint of this kind is not to be scanned so closely as if the proceeding were strictly of a criminal nature. *State v. Weitzel, supra.* Since the ordinance is not preserved in the record we may indulge the presumption that the complaint describes the infraction thereof substantially in the language of the same. Greater particularity is not required in a complaint under an ordinance of this description. The gist of the offense alleged is the keeping of rooms in the city for the criminal purposes specified in the complaint. There is no rule of pleading in civil cases requiring a more specific location of such rooms or the names of the frequenters of the same. It may be and no doubt is true that in cases of a strictly criminal nature like

*[margin note: MUNICIPAL corporations: prosecution for violation of ordinance: information.]*

that of *State v. Morrison*, 64 Mo. App. 507, and perhaps in certain *quasi* criminal cases the rule is much stricter in its requirements. As far as we are able to discover from the record before us the complaint is sufficient.

Of the fifteen instructions requested in the case the court gave four for each side, which we think fairly submitted every issue arising in the case. —: —: instructions. Those given for defendant were exceedingly favorable to him. There is no merit in the defendant's criticism of the plaintiff's first instruction. It is not subject to the objection which defendant makes to it, as may be seen by a bare reference to it.

The case, as we think, has been fairly tried and the defendant has no just ground to find fault with the judgment which must be affirmed. All concur.