STATE OF MISSOURI, Respondent, v. JOHN WITTY,
Appellant.

St. Louis Court of Appeals, April 12, 1898.

Criminal Law: INDICTMENT: DRUGGIST: SALE OF LIQUOR.    The defend-
    ant being a druggist is only amenable to the law regulating sales of
    liquors by men engaged in that calling.

*Appeal from the Christian Circuit Court.*—HON.
JAMES T. NEVILLE, Judge.

REVERSED AND DEFENDANT DISCHARGED.

J. J. GIDEON and J. J. BRUTON for appellant.

The record in this case shows that the defendant
was indicted under the dramshop law (Acts of 1891,
sec. 2, p. 128), when in fact he should have been
indicted under the druggist law as a druggist, for the
reason that the undisputed evidence in this case shows

that the defendant was the owner and proprietor of the drugstore, and had taken out a license as such; that Dr. Smith was a regular registered pharmacist and was employed by the defendant as such for the purpose of compounding and dispensing drugs, medicines and chemicals for medical use and to compound and dispense physicians' prescriptions, and was a qualified druggist within the meaning of the law. 1 R. S. 1889, secs. 4614 and 4621. The defendant should have been indicted under the druggist law, and not under the dramshop law, for it is the design of the druggist and pharmacist law to cover all the ground in reference to sales of liquor by druggists and pharmacists without regard or reference to other statutes. State v. Piper, 41 Mo. App. 160; State v. Rafter, 62 Mo. App. 101; State v. McAnally, 66 Mo. App. 329. And even if it had not been shown that the defendant was a druggist within the meaning of the law, it stands admitted in this case that the defendant had a merchant's license, and should have been indicted as a merchant, and this fact alone requires a reversal of this case. State v. Cody, 69 Mo. App. 70; State v. Williams, 69 Mo. App. 286; State v. Williams, 69 Mo. App. 284.

No briefs furnished for respondent.

BOND, J.—The defendant was indicted for violation of the dramshop law. He moved to quash the indictment, on the ground that he was a druggist and not amenable to said indictment.

Evidence was introduced by him in support of that motion which was, however, overruled. Thereupon the case was tried by the court, a jury being waived, and a judgment of conviction entered, from which this appeal was taken. On the trial defendant objected to any evidence under the indictment, for the reason that

he was not liable thereunder. This objection being overruled, the record shows that the trial was proceeded with, but it fails to disclose that any evidence was introduced to sustain the charge contained in the indictment. In other words, there is no testimony in the record which tends to show that defendant ever sold whisky in any quantity to any person. This defect in the bill of exceptions is fatal to the conviction of defendant. All the evidence contained in the bill of exceptions is the testimony of Dr. Wm. L. Smith, a registered pharmacist, who states that he was employed by the defendant to do pharmacist's work, compounding medicines, filling and dispensing prescriptions, for a consideration of about $15 per month, and that he gave such portion of his time to this work as was not occupied in visiting his patients; that all prescriptions filled at said drugstore were either done by him or under his direction, and in his presence. The only other evidence contained in the bill of exceptions in this case is that of the defendant, whose testimony corroborated that of Dr. Smith, and disclosed that he was the owner and proprietor of a drugstore on October 1, 1896, and that he never filled any prescriptions or permitted any to be filled in the absence of Dr. Smith.

Under this state of the record it is evident the conviction of defendant can not be sustained. It would seem, however, that the same result would have followed if the record had preserved evidence tending to show the sale of liquor as charged in the indictment, which we suppose was adduced by the state on the trial of this case, for the reason that defendant being a druggist is only amenable to the law regulating sales of liquors by men engaged in that calling. The result is that the judgment is reversed, and defendant discharged. All concur.