TOWN OF KNOX CITY, Appellant, v. WILLIAM B. WHITEAKER, Respondent.

St. Louis Court of Appeals, March 4, 1901.

1. **Dramshop-Keeper: MERCHANT: DRUGGIST: SELLING LIQUORS: PROSECUTION FOR SELLING LIQUORS.** The statutes governing the three callings of dramshop-keeper, merchant and druggist, are preclusive, and prosecutions for the violation of the liquor

Town of Knox City v. Whiteaker.

laws must be brought against the offending party under the respective statutes governing his particular calling.

2. ———: ———: ———: TOWN ORDINANCES. One engaged in business as a merchant, and duly licensed as such, is not subject to prosecution under town ordinances purporting to define and regulate the business of a keeper of dramshops.

Appeal from Knox Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*O. D. Jones* for appellant.

(1) Plaintiff has authority "to regulate and prohibit the sale or giving away of intoxicating liquors, under merchants' licenses in said town." R. S. 1899, sec. 6010. The ordinance in evidence, sections 1 and 2, prohibts it by merchants and all other persons. "No person or co-partnership shall in this town, directly or indirectly, sell, bargain or deliver any wine in less quantity than one gallon," without a dramshop license. Defendant does not show it has attempted to regulate or license sales by merchants, only by the prohibition of this ordinance. He does not claim to be a druggist, or to have sold as such. Claims to be and offers a merchant's county license; admits he has violated even it. It was error to admit the county license and give the direction to acquit defendant. It was done on authority of State v. Alexander, 73 Mo. App. 605, and cases in that line. They are not in point here because plaintiff has authority to regulate or "prohibit" sales of intoxicants under merchants' licenses. (2) The ordinance in evidence shows it has "prohibited" sales by merchants and all others not licensed as dramshop-keepers. Its ordinance thus duly made with authority of law is a law of the State; it is not affected by the existence of a State law on the same

subject, not inconsistent with it. Ex parte Riburg, 10 Mo. App. 442. It is no objection to its validity that two subjects are legislated upon in one bill or ordinance. City v. Cook, 120 Mo. 1.

*C. D. Stewart* for respondent.

(1) The appellant has no ordinance prohibiting the sale of liquor under a merchant's license, and the defendant could not be liable for a sale under a merchant's license. Town of Hurdland v. Hardy, 74 Mq. App. 614. The defendant was permitted, under the State law, to sell liquor under a merchant's license and the appellant could not restrict or abridge that law. Town of Hurdland v. Hardy, supra. The case of Ex parte Riburg, 10 Mo. App. 442, is not in the least particular in point here. In that case the city of St. Louis had an ordinance covering the charge and not in conflict with the State law. In the case under consideration, the appellant has no ordinance under which it can prosecute this offense, or fixing any penalty therefor, while the State law recognizes the right to sell under a merchant's license and fixes the penalty for a violation. See sections 8541 and 8563, Revised Statutes 1899. The merchant's license introduced in evidence by defendant authorized him to sell goods, wares or merchandise at any point in Knox county, regardless of the silence of the ordinance of appellant on the subject. R. S. 1899, sec. 8562. And a license issued by the proper authorities, as in this case, is an absolute protection for all sales, made under said license that is permitted under merchant's license. Consequently it is clear, that as respondent has no other authority, he can only be prosecuted for the violation of the law under the merchant's license. (2) It is contended by respondent that as he had, and produced in evidence, a merchant's license, he could not be amenable to the

dramshop act, and that the court did right in giving the instruction to find for him. State v. Alexander, 73 Mo. App. 605; State v. Williams, 69 Mo. App. 286; State v. Workman, 75 Mo. App. 454. It seems to us the foregoing decisions will necessitate the affirmance of this case. There are three distinct procedures for the illegal sales of intoxicating liquors as marked out by the appellate courts. (a) If he is a druggist, he musc be prosecuted for the violation of the druggist law. (b) If he is not a druggist, but has a merchant's license, then he must be prosecuted for a violation of the merchant law. (c) If he is neither a druggist nor a merchant then he should be prosecuted for a violation of the dramshop act.

BOND, J.—The plaintiff is a village, incorporated in pursuance of the provision of article 6, chapter 91, Revised Statutes 1899. It adopted an ordinance inhibiting any person from selling intoxicating liquors in less quantities than one gallon without the obtention of a license as a dramshop-keeper, pursuant to the further provision of said ordinance, under a penalty of not less than $50 and not more than $100 for each offense. The ordinance further defined a dramshop-keeper to be a person licensed under its provisions, and prescribed fully the method of applying for and obtaining such license, and prohibited, in the place of business of such person, the use of any gambling devices, or the sale of intoxicating liquors on Sunday. Upon complaint of the marshal of said village, charging the defendant with the violation of this ordinance, the chairman of the board of trustees of the plaintiff village caused the defendant to be brought before him for trial and imposed a fine of $100 and costs. From this sentence defendant appealed to the circuit court. On the trial there, evidence was given tending to show that defendant had sold whiskey in the plaintiff village, in less quantities than one gallon within one year previous to

his arrest.    It was further shown that the defendant was a
merchant doing business under a merchant's license, which
covered the time within which such sale was made.    The court
gave a peremptory instruction to the jury to bring in a verdict
of acquittal.    From a verdict and judgment in accordance,
plaintiff has appealed to this court.

I.    It has been repeatedly decided by the appellate courts
of this State that the statutes governing the three callings of
dramshop-keeper, merchant and druggist are preclusive and
that prosecutions for the violation of the liquor laws must be
brought against the offending party under the respective stat-
utes governing his particular calling.    State v. Williams, 69
Mo. App. 284; State v. Williams, 69 Mo. App. 286; State v.
Witty, 74 Mo. App. 550; State v. Gibson, 61 Mo. App. 1. c.
371; State v. Piper, 41 Mo. App. 160; State v. Ryan, 30 Mo.
App. 159.

It is argued by the learned counsel for appellant that the
doctrine of these cases is inapplicable to the one at bar, because
the general statutes regulating villages of the class to which
plaintiff belongs empowers them "to regulate and prohibit the
sale or giving away of intoxicating liquors under merchants'
licenses in such towns."    R. S. 1899, sec. 6010.    It may be
conceded that plaintiff had full authority under this legislative
grant to enact any and all ordinances on the subject of sales of
liquor under merchants' licenses which should be congruous
with the general statutes and laws of the State, applicable to
that subject.    For, within the limits of consistency with the
paramount laws of the State, any of its delegated agencies, in
pursuance of charter powers, have full authority to make reg-
ulations by ordinances which shall be equally binding upon the
conduct of all persons within the limits of the particular mu-
nicipality.    But in the case at bar, the ordinance under which
the defendant was prosecuted shows on its face that it was not

the exertion of the statutory power given to the plaintiff to regulate sales of liquors under merchants' licenses, but was an attempt to provide for the exercise of the distinct avocation of dramshop-keeper within the town limits. The facts in this record do not, therefore, support the premise upon which the argument of appellant's counsel is rested. Upon a proper proceeding the respondent is clearly amenable, under the facts shown in this record, to the general statute licensing merchants to sell intoxicating liquors, since it is clear under the evidence that he was conducting his business under the authority of a merchant's license. R. S. 1899, sec. 8563; State v. Baskett, 52 Mo. App. l. c. 393. But, being engaged in that calling, and duly licensed as such, he was not subject to prosecution under the town ordinances purporting to define and regulate the business of a keeper of dramshops, hence, there was no error in the ruling of the lower court, and its judgment is affirmed. All concur.