State v. Bell.

---

STATE OF MISSOURI, Respondent, v. H. E. BELL, Appellant.

Kansas City Court of Appeals, December 4, 1905.

BILLIARD TABLES: Minor: Statute: Information. An information under section 439, Revised Statutes 1899, set out in the opinion, which follows the language of the statute, thereby being descriptive of the offense, is sufficient.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*Ivan Blair* for appellant.

(1) The appellant contends that the information is fatally defective: first, because it does not state the kind of table the defendant was the licensed keeper of; second, that it fails to state that the defendant permitted the minor to play on such table any game for which such tables are used; it does not charge that the minor was permitted to play any game with balls and cues. From this information the defendant was not informed whether he must defend against a charge of permitting the minor to play billiards, pool, cards, checkers or what not. (2) The indictment must be so definite in its terms as to render every right or defense to which the accused is entitled practically available to him on the trial. State v. Martin, 44 Mo. App. 45, 1. c. 49; 1 Bishop on Crim. Prac. 507. (3) Every fact which is an element in a prima facie case of guilt must be stated; each fact must be expressly charged and nothing left for intendment. All that is to be proved must be alleged. 1 Bishop on Crim. Prac. 519; State v. Dale, 141 Mo. 284; State v. Thierauf, 167 Mo. 429. (4) An indictment which follows the language of the statute is wholly insufficient to charge a violation of 439 because clearly the name of the minor must be stated. Kelley's Crim. Law and Prac., sec. 1053.

*Frank Petree* for respondent.

No briefs filed.

BROADDUS, P. J.—The defendant was convicted for a violation of section 439, Revised Statutes 1899, from which he appealed. The only question raised is, that the information upon which he was convicted is fatally defective, as it does not state any offense under the law. The information is as follows:

"Frank Petree, prosecuting attorney in and for the county of Holt and State of Missouri, upon the information and affidavit of Frank L. Zeller herewith filed, in-

forms the court that on or about the 6th day of April, 1904, at the said county of Holt, H. E. Bell, being then and there a licensed keeper of a certain table, kept and used for gaming and upon which balls and cues were used, did then and there unlawfully suffer one George Zeller, a person under the age of twenty-one years, to-wit: of the age of ———————— years, to play on his said table without permission of Frank L. Zeller, the father of said George Zeller, having been given for said George Zeller to play on said table, the said George Zeller then and there not having any master or guardian other than the said Frank L. Zeller, his said father; against the peace and dignity of the State." Signed, "Frank Petree, prosecuting attorney."

Said section 439 is as follows: "Every licensed keeper of any table mentioned in section 432, who shall suffer any person under the age of twenty-one years to play on such table kept by him, without the permission of the father, master, or guardian of such minor first granted, shall forfeit and pay a fine of fifty dollars for every such offense, etc." Section 432 provides: "The county court shall have power to license the keepers of billiard tables, pigeon-hole tables, and all other tables kept and used for gaming, upon which balls and cues are used."

Defendant contends: "An indictment, which follows the language of the statute is wholly insufficient to charge a violation of said section 439 because clearly the name of the minor must be stated." If we understand the contention of the defendant rightfully, of which we are not certain, he means that the language of the statute is not sufficient to state the offense because in addition the name of the defendant must be stated also. If he is right, no information following the language of the statute would be sufficient. It is only necessary to say that we cannot agree with defendant in that respect.

The information follows the language of the statute because it is descriptive of the offense, which makes it

sufficient. [The State of Missouri v. Kesslering, 12 Mo. 565; State v. Hayward, 83 Mo. 304; State v. Davis, 70 Mo. 467; State v. Krueger, 134 Mo. 262.] Affirmed. All concur.