THE STATE OF MISSOURI, Respondent, v. J. A. HEIBEL et al., Appellants.

Kansas City Court of Appeals, December 4, 1905 and February 5, 1906.

1. SELLING LIQUOR: Druggists: Indictment. An indictment following the language of the statute descriptive of the offense is sufficient.

2. ———: ———: ———: Name of Purchaser. Under the dramshop law the name of the purchaser need not be stated in an indictment for unlawfully selling liquor; and the same rule applies to a merchant and a druggist.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller*, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

(1) Each count must be complete in and of itself, and each must notify the defendant of the crime with which he is charged. State v. Wagner, 113 Mo. 596; Keech v. State, 15 Fla. 591; State v. Longley, 10 Ind. 482; Watson v. People, 134 Ill. 374; State v. Phelps, 65 N. C. 450; 1 Chitty's Crim. Law, 249; Wharton's Crim. Pl. & Prac., sec. 299. (2) In prosecutions against a dramshop keeper, it has been held that it was unnecessary to state in the indictment the name of the person to whom the liquor was sold. State v. Jacques, 69 Mo. 260. (3) At the same time it has been held that in prosecutions against a druggist it was necessary to state the

name of such person in the indictment. State v. Martin, 108 Mo. 117; State v. Major, 81 Mo. App. 289; 1 \ Bishop on Crim. Proc., sec. 507.

F. G. Harris for respondent.

(1) The indictment is in the exact language of the statute and is sufficient. State v. Fare, 39 Mo. App. 110; State v. Parker, 39 Mo. App. 120; State v. McDaniel, 40 Mo. App. 356; State v. Davis, 106 Mo. 230; State v. Stephens, 70 Mo. App. 559. (2) "An indictment under the dramshop law for the sale of intoxicating liquors need not specify the person to whom the alleged sale was made." State v. Gibson, 61 Mo. App. 368; State v. Quinn, 94 Mo. App. 59; State v. Quinn, 170 Mo. 181. (3) It matters not in what capacity the defendants made the sale or to what class they belonged, they were amenable to the dramshop act. State v. Quinn, 94 Mo. App. 67; State v. Quinn, 170 Mo. 183.

BROADDUS, P. J.—The defendants were indicted on four counts, charged with the illegal sale of liquor. A nolle prosequi was entered as to all the counts except the fourth, upon which defendants were convicted. The fourth count charges defendants with the unlawful selling of intoxicating liquor in less quantity than three gallons. The evidence went to show that the defendants Heibel & Penn were the owners of a drugstore in Columbia, and that defendant Brown was their clerk in their said drug store, and that on the 13th day of June, 1904, one J. E. Perry, in company with one Clyde Brooks, went to the store of defendants and purchased a half pint of whiskey. It was shown that defendant Penn was a registered pharmacist, and that the firm had a merchant's license, and had been conducting their business under such license.

Defendants contend, first: that the indictment is insufficient. The gist of the charge in the indictment is,

that defendants "did then and there unlawfully sell intoxicating liquors in less quantities than three gallons, to-wit: One pint of whiskey and one pint of lager beer, without taking out or having a license as a dramshop keeper." The indictment is like that in State v. Hatfield, 40 Mo. App. 358, which was held sufficient. It is well settled law that when the indictment follows the language of the statute which is discriptive of the offense it is sufficient. [State v. McDaniel, 40 Mo. App. 356; State v. Hatfield, 40 Mo. App. 358; State v. Hayward, 83 Mo. 304; State v. Davis, 70 Mo. 467; State v. Krueger, 134 Mo. 262; State v. Bell, 115 Mo. App. 13.]

A specific objection to the indictment is that it fails to state the name of the person to whom the liquor was sold. It is not necessary in prosecutions for a violation of the dramshop law to give the names of the persons to whom the liquor is sold. [State v. Ladd, 15 Mo. 430; State v. Spain, 29 Mo. 415; State v. Jaques, 68 Mo. 260; State v. Martin, 108 Mo. 117; State v. Gibson, 61 Mo. App. 368.]

But it is contended that as the evidence showed that defendants Heibel & Penn were carrying on their business as druggists they could not be prosecuted under the dramshop act. And it was formerly so held. [State v. Alexander, 73 Mo. App. 605; Knox City v. Whiteaker, 87 Mo. App. 468; State v. Witty, 74 Mo. App. 550; State v. Williams, 69 Mo. App. 284; State v. Piper, 41 Mo. App. 160.] But in State v. Quinn, 94 Mo. App. 59, the St. Louis Court of Appeals held that it was proper to prosecute druggists and merchants for a violation of the dramshop law. The case was certified to the Supreme Court as being in conflict with the cases last cited, and the opinion of the St. Louis Court of Appeals therein was adopted as the opinion of the court (170 Mo. 176), and upheld the conviction of the defendant under the dramshop law, although defendant was a licensed merchant. The question of law seems to be settled at present, and there is no necessity

for discussing it further. The indictment being sufficient under the dram shop law, and there being evidence of illegal sale by defendants, the conviction should be sustained. Affirmed. All concur.