The State v. Piper.

THE STATE OF MISSOURI, Respondent, v. WILLIAM B. PIPER, Appellant.

Kansas City Court of Appeals, May 12, 1890.

Selling Liquor: MERCHANTS' LAW V. DRUGGISTS' LAW. It is a good defense to an indictment for selling liquor as a merchant in less quantity than five gallons, to-wit, one gallon, that the sale was made by the defendant as a druggist under a pharmacist license, as it is the design of the druggists and pharmacists' statute to cover all the ground in relation to sales of liquor by druggists and pharmacists without reference to other statutes.

The State v. Piper.

*Appeal from the Nodaway Circuit Court.*—HON.
CYRUS A. ANTHONY, Judge.

REVERSED.

*L. M. Lane* and *B. P. Duffy*, for appellant.

( 1 ) The defendant is indicted for selling liquor in less quantities than five gallons under the merchant law found in 2 Revised Statutes, 1879, page 1244. By section 6313, Revised Statutes, 1879, we get the legal definition of the word merchant, and the 28 Mo., page 565, draws the distinction between a merchant proper and a druggist, who is also required to have a merchant's license, ( 2 ) The merchant act is not applicable to the defendant for the reason that the defendant is a pharmacist ( see license in agreed statement of facts ) operating under the pharmacy law of 1881. Laws, 1881, p. 130. This law specially applicable to pharmacists repeals the general drug law found in 2 Revised Statutes, 1879, at page 1075. *State v. Roller*, 77 Mo. 120. The pharmacy act has been amended, and states how a pharmacist may sell intoxicating liquor. Laws, 1883, pp. 89-90 ; Laws, 1887, p. 182. ( 3 ) It was evidently the intention of the legislature by the enactment of section 6334, Laws, 1887, page 217, to not interfere with the pharmacy act, for at the same session, page 182, section 4, of the pharmacy act was amended, and if the merchant section in the Laws of 1887, *supra*, interferes with pharmacists selling liquor, then section 2 of the pharmacy act, page 90, Laws, 1883, is repealed and wiped out, and a pharmacist cannot sell liquor in less quantity than five gallons, even though he acts and sells upon a physician's prescription. This would seem to be the broad terms of section 6334, Laws, 1887, page 217. ( 4 ) Our position then is, that the pharmacy act is in full force and unimpaired by any general law touching the same matters contained in the pharmacy act. The pharmacy

act is a special law, and cannot be repealed by implication, and as we understand the rule it is this, that a later statute which is general and affirmative does not abrogate a former which is particular, unless negative words are used, or unless the two acts are irreconcilably inconsistent. This is the well-established law in Missouri. *City of St. Louis v. Ins. Co.*, 47 Mo. 146; *State ex rel. v. Court*, 41 Mo. 453; *Vastine v. Court*, 38 Mo. 529; *Deters v. Renick*, 37 Mo. 597; *Louis v. Alexander*, 23 Mo. 483; *McVey v. McVey*, 51 Mo. 406; *Railroad v. Cass County*, 53 Mo. 17; *City of St. Louis v. Life Ass'n*, 53 Mo. 466. In other states the same rules of interpretation are applied. *Dodge v. Gridley*, 10 Ohio, 173; *McCarter v. Society*, 9 Cowen, 437; *Warren v. Crosby*, 89 Ill. 320. Applying these rules of construction let us further consider these two laws. That the druggist and pharmacist law is a particular law, applicable only to a particular class, is beyond controversy. This law, therefore, is not abrogated by section 6334, *supra*. *State v. Marchand*, 25 Mo. App. 657; *Ex Parte Swann*, 96 Mo. 44. ( 5 ) In determining the scope and meaning of statutes, certain established rules are observed. Statutes passed by the same legislature in *pari materia*, containing no express repealing clauses, are to be construed together, so that all may stand together if possible ( *State v. Clark*, 54 Mo. 216; *State ex rel. v. Commissioners*, 20 Ohio St. 421; *Jones v. Carr & Co.*, 16 Ohio St. 420–428 ), and in construing a law the title of the act, as well as all its other provisions may be considered for the purpose of arriving at the legislative intent. Section 6334, *supra*, is leveled against merchants only. *State v. Ryan*, 30 Mo. App. 159. While it is true that all pharmacists are required to have a merchant's license, yet the merchant's license is not the necessary element for the conducting of a drugstore under the pharmacy act. It is the pharmacist's license, that protects the man who owns and operates a drugstore. 28 Mo. 265, *supra*. ( 6 ) Our

conclusion therefore is, that as the defendant had a pharmacist's license and was owning and conducting a drugstore, that he was protected in selling one gallon of lager beer as a pharmacist under section 2, Laws, 1883, page 90. *State v. Suess*, 20 Mo. App. 423 ; 64 Mo. 370; 26 Mo. 167.

No brief for respondent.

ELLISON, J.—The defendant was indicted and convicted as a merchant, under section 6334, Revised Statutes, 1879, as amended by the Laws of 1877, page 217, now section 6915, Revised Statutes, 1889, for selling liquor in less quantity than five gallons. The following is the agreed statement of facts upon which the trial court found him guilty, viz.:

"On the day mentioned in the indictment the defendant sold to the witness John Daniels (who is indorsed as a witness on the back of the indictment in this case) one gallon of lager beer; said gallon of lager beer was sold to said witness Daniels by the defendant, and in Nodaway county, Missouri, at the drugstore which the defendant owned and was conducting; said drugstore containing a general stock of drugs and medicines such as are usually and generally kept by druggists ; that, at the time of said sale, the defendant had a merchant's license; that, at the time of said sale of one gallon of lager beer by defendant, at his drugstore, to the witness Daniels as aforesaid, the defendant was then and there conducting and operating his drugstore, and then and there had the license hereto attached, and made a part of this agreed statement of facts, said license hereto attached having been obtained by the defendant from the board of pharmacy of the state of Missouri, at the date mentioned in the license, hereto attached ; that, at the time the defendant made said sale, he did it in good faith, believing he had a right to do so as a druggist and pharmacist, under the

license, hereto attached. Said sale of one gallon of lager beer was made on the day mentioned in the indictment."

The pharmacy license attached to and made a part of said agreed statement of facts is in words and figures following, to-wit:

"Board of Pharmacy for the State of Missouri, number 2370.

"This is to certify that Wm. B. Piper has applied to this board and approved his qualification to be a registered pharmacist, as provided for by an act of the general assembly entitled 'An act to regulate the sale of medicines and poisons by druggists and pharmacists in the state of Missouri,' approved the twenty-sixth day of March, A. D. 1881. Issued by James F. Hurt, Ph. G., Registrar for the Northern District of ———. Columbia, Missouri, August 3, 1881.

"J. A. HOWARD,
"J. F. HURT,
"M. W. ALEXANDER,
"Board of Pharmacy."

The question here presented is difficult to determine on account of the incongruity of the statutes which apparently, at least, would appear to relate to it. But our conclusion is that defendant ought not to have been convicted. It is true that section 6334, Revised Statutes, 1879 (as amended and as it is now made to read by the Laws of 1887, page 217), declares, broadly, without proviso or exception, that the merchant's license (which a druggist must have) shall not authorize the sale of intoxicating liquors in any quantity less than five gallons, for any purposes whatever. And that section 6338 defines the term, merchant, to include dealers in drugs and medicines. Yet, we have a druggists and pharmacists' statute prescribing different penalties and conditions which we think is designed to cover all the ground in relation to sales by druggists and pharmacists without reference to other statutes. Otherwise we

would be compelled to say that a druggist, under sections 6334 and 6338, cannot sell liquor, for any purpose, in any quantity less than five gallons.

The law regulating the sale of intoxicating liquors by druggists is found in the druggists and pharmacists' statute. Laws, 1881, p. 130; Laws, 1883, p. 89 ; Laws, 1887, p. 182. By section 2, Laws, 1883, page 90, the only inhibition against a druggist selling liquor is that he shall not sell *less than one gallon*, except upon certain conditions therein set out. The druggist, in this respect, is only amenable to this statute, and he does not violate it when he sells more than one gallon.

Whatever weight can be attached to the revision of 1889, recently promulgated, is to strengthen the foregoing view ; for, by sections 6915 and 6919, the merchant's statute of 1879, as amended by the Laws of 1887, is re-enacted, and, by section 4621 of the pharmacist law, the druggist cannot sell, except upon prescription, any quantity less than *four* gallons ; thus keeping up the distinction between the merchant and the druggist as to the quantity which may be sold by them in their respective capacities.

The judgment will be reversed and the defendant discharged. All concur.