State v. McAnally.

---

STATE OF MISSOURI, Respondent, v. S. M. McANALLY, Appellant.

| 66 | 329 |
| 84 | 318 |

St. Louis Court of Appeals, April 21, 1896.

**Sale of Intoxicating Liquors by Druggist:** INDICTMENT UNDER DRAMSHOP LAW. A person who sells intoxicating liquor as a druggist or pharmacist, and who is properly registered as such, can not be indicted therefor under the dramshop law.

*Appeal from the Bollinger Circuit Court.*—HON. JAMES D. Fox, Judge.

REVERSED.

No brief filed for appellant or respondent.

ROMBAUER, P. J.—The defendant was convicted of selling liquor without a license, and fined $40. He

appeals, but assigns no errors.    We have examined the record, as it is our duty to do in criminal cases although no errors are assigned, and find that it discloses the following facts:

The indictment charges the defendant that he did ''on or about the fifth day of September, 1894, at and in the county of Bollinger and state of Missouri, unlawfully and willfully sell intoxicating liquors in less quantity than three gallons, to wit, one bottle of lager beer, for twenty-five cents, to Ed. Stevens, *without taking out or having a license as dramshop keeper or any other legal authority to sell the same.*''

The defendant filed a plea in abatement to this indictment, stating therein that he was for more than twelve months prior to the filing of the indictment a regular registered and licensed druggist and pharmacist, and a practicing physician.    The truth of the facts stated in the plea was admitted by the prosecuting attorney, but the court overruled the plea.    The state thereupon, against the objections of the defendant, was permitted to give evidence tending to show that the defendant sold within the period of limitation one bottle of beer to the party named in the indictment, and the defendant gave evidence tending to show that he sold it under a prescription written by himself.

This conviction can not be upheld under the more recent decisions of appellate courts in this state.    In *State v. Piper*, 41 Mo. App. 160, it is decided that a duly registered druggist can not be indicted for an illegal sale of liquors under the law applicable to merchants in the sale of liquors.    In *State v. Rafter*, 62 Mo. App. 101, it is held that a person who sells intoxicating liquors as a druggist or pharmacist, and who is properly registered as such, can not be indicted therefor under the dramshop law, but only under the law relating to druggists and pharmacists.    The nature of the

offense is determined by the character of the person who sells the liquors.

The defendant should have been indicted under the druggist law, and, having been indicted under the wrong statute, the prosecution must fail. The plea in abatement should have been sustained under the conceded facts.

We deem it our duty to call the attention of the prosecuting attorney to the provisions of sections 4002 and 4275, of which he may avail himself if he is of opinion that the facts warrant another prosecution.

All the judges concurring, the judgment is reversed.