STATE OF MISSOURI, Respondent, v. J. E. WILLIAMS, Appellant.

St. Louis Court of Appeals, February 23, 1897.

Criminal Law: MISDEMEANOR: SALE OF LIQUOR BY MERCHANT AND DRUGGIST. A merchant and druggist having a merchant's license and employing a registered pharmacist, is not amenable to the dramshop act, but to the act regulating sales of liquor by druggists, and should have been indicted under that act.

State v. Williams.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED, AND DEFENDANT DISCHARGED.

*Orchard & Hines* for appellant.

Defendant was indicted as a dramshop keeper, when he should have been indicted as the proprietor of a drug store, under the druggist laws of 1889. R. S. 1889, secs. 4611, 4621, 4622.

Any person not a pharmacist or druggist may own and conduct a drug store, if he keep constantly in his employ a competent pharmacist, which defendant did in this case. R. S. 1889, sec. 4614.

Defendant had a merchant's license at the time sales were made, and kept a stock of drugs, medicines, and such other things as druggists usually keep, and if he does not come within the druggist act, should have been indicted under the merchants' act. *State v. Gibson*, 61 Mo. App. 369.

No brief filed for respondent.

BLAND, P. J.—Defendant was indicted and convicted under section 1, page 128, Session Acts of 1891 (concerning dramshops) of violating that act by selling to one C. C. Hunt, one pint of whisky, etc., without a dramshop license. The evidence of Hunt was that he bought whisky as charged in the indictment. The evidence on the part of the state, and the defense was, that the defendant kept a drug store, containing a stock of drugs, medicines, notions, etc., such as are usually kept in drug stores, situated in neighborhoods similar to the one where defendant's store was located. It was admitted that he had a merchant's license, at the

time he sold to Hunt.     There was evidence tending to prove that he had in his employ a registered pharmacist also.    At the close of the testimony defendant interposed a demurrer to the evidence, which was by the court overruled.    This was error.    As a merchant he was not amenable to the dramshop act.    The section of the act above referred to, applies to sales made by persons who have no license of any kind authorizing a sale of liquor, and does not apply to merchants or druggists dealing under a license as such.    If he was both a merchant and a druggist, as the evidence tends to prove, then he should have been indicted under the law regulating sales of liquor by druggists, as has been held by repeated decisions of this court.

SALE of liquor by merchant and druggist.

Judgment reversed and defendant discharged.    All concur.

---

STATE OF MISSOURI, Respondent, v. J. E. WILLIAMS, Appellant.

St. Louis Court of Appeals, February 23, 1897.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.