STATE OF MISSOURI, Respondent, v. THOMAS E. ALEXANDER, Appellant.

St. Louis Court of Appeals, February 15, 1898.

Criminal Law: SALE OF LIQUOR BY MERCHANT AND DRUGGIST WITH MERCHANTS' LICENSE: INDICTMENT UNDER DRAMSHOP ACT. A merchant and druggist, having a merchants' license, is not amenable to the dramshop act, but should be indicted and prosecuted under the druggist law (R. S. 1889, ch. 58), or if a merchant only, for a violation of the merchants' law (R. S. 1889, sec. 6915).

*Appeal from the Webster Circuit Court.*—HON. ARGUS
Cox, Judge.

REVERSED AND REMANDED.

*Dickey & McDowell* and *James Orchard* for
appellant.

Defendant had a merchants' license at the time
the alleged sales were made; he also kept a stock of
drugs, etc.; and if he does not come within the drug-
gists' act, he should have been indicted under the mer-
chants' act. *State v. Gibson,* 61 Mo. App. 368; *State
v. Williams,* 69 *Id.* 284; *Same v. Same, Id.* 286.

No brief filed for respondent.

BIGGS, J.—The defendant was indicted, tried and
convicted of a violation of the dramshop act. At the
conclusion of the evidence the defendant asked the
circuit court to instruct that, if at the time of the
alleged sale of the whiskey the defendant was a mer-
chant and had a license as such, then he must be
acquitted. The court refused the instruction and the
defendant has appealed.

The evidence on the part of the state tended to
prove that the defendant at the time stated in the
indictment sold one half pint of whiskey, and that the
whiskey was sold at the defendant's
place of business, where he kept a stock
of groceries and notions, and also a small
stock of drugs. The defendant testified
that he did not make the sale, and as a
further defense he introduced the collector of the county,
who testified that he had issued to the defendant a
merchants' license covering the time of the alleged

SALE of liquor by
merchant and
druggist with
merchants' li-
cense: indict-
ment under
dramshop act.

sale. The defendant testified that his license had been misplaced or lost.

Under the decisions in this state the instruction ought to have been given. If the defendant had a license as a merchant, he should have been indicted for a violation of the merchants' law. (R. S. 1889, sec. 6915.) If he was both a merchant and druggist, he should have been prosecuted for a violation of the druggist law. (R. S. 1889, ch. 58.) There is some evidence that the defendant sold drugs, but there is no evidence that he was a registered pharmacist, or that he employed a registered pharmacist to conduct that portion of his business. *State v. Piper*, 41 Mo. App. 160; *State v. Ryan*, 30 Mo. App. 159; *State v. Williams*, 69 Mo. App. 284; *State v. Rafter*, 62 Mo. App. 101.

The judgment will be reversed and the cause remanded. All the judges concur.