State v. Steele.

THE STATE OF MISSOURI, Respondent, v. JOHN W. STEELE, Appellant.

**Kansas City Court of Appeals, April 30, 1900.**

1. **Druggist: EMPLOYMENT OF PHARMACIST.** Where a licensed merchant keeps and sells drugs and has an arrangement with a registered pharmacist to fill' or superintend the filling of all prescriptions, which he does, though he at times practices medicine to a limited extent, such merchant is a druggist within the meaning of the statute.

2. **Criminal Law: SELLING LIQUOR: INDICTMENT: DRUGGIST.** A person carrying on a drug store under a merchant's license should be prosecuted for selling liquor under the statute in relation to merchants, but if he is both a merchant and druggist, then under the druggist statute.

Appeal from the DeKalb Circuit Court.—*Hon. William S. Herndon,* Judge.

REVERSED AND REMANDED.

*J. F. Harwood* for appellant.

The evidence clearly proves that the defendant is the proprietor of a drug store under chapter 58, Revised Statutes 1889. If so, he should have been indicted under the druggist act, and not as a common merchant under chapter 111, Revised Statutes 1889, p. 1617. All druggists must have a merchant's license. State v. Piper, 41 Mo. App. 160; State v. Rafter, 62 Mo. App. 101; State v. Goff, 66 Mo. App. 491; State v. McAnally, 66 Mo. App. 329; State v. Pollard, 72 Mo. App. 230; State v. Alexander, 73 Mo. App. 605.

*Frank Costello* for plaintiff.

(1) It being admitted that defendant had a merchant's license, he is properly indicted unless he comes under one of

the three different classes named in section 4621 of Revised Statutes 1889. State v. Alexander, 73 Mo. App. 605; State v. Workman, 75 Mo. App. 454; State v. Williams, 69 Mo. App. 284. (2) There is no evidence in this case tending to show that the defendant at the time of the sale was a registered druggist. This the state must prove as part of her case in the first instance before a defendant can be convicted under the druggist act. State v. Greene, 27 Mo. App. 626; State v. Baskett, 52 Mo. App. 389; State v. Carnahan, 63 Mo. App. 244. (3) The mere fact that one deals in drugs has no tendency to show that he is a druggist and not a merchant, as section 6919, Revised Statutes 1889, provides that a merchant may be a dealer in drugs and medicines. There is no claim on the part of defendant in this case that he is a registered pharmacist. The question then to be determined is whether or not the defendant is the "proprietor of a drug store" within the meaning of section 4614, 4621, Revised Statutes 1889.

SMITH, P. J.—The defendant was indicted, tried and convicted under section 6915, Revised Statutes 1889, for selling intoxicating liquors in a quantity less than five gallons.

The defendant had a merchant's license. He was not a practicing physician or druggist, though at the time of the offense he was conducting a drug store in which was kept and exposed to sale such drugs, medicines, etc., as were usually kept in similar stores in the same town. He contends that though he was not a registered pharmacist himself, he kept constantly in his employ a competent pharmacist. It is conceded that Dr. Dent was a duly registered pharmacist, but it is insisted that he was not kept constantly in the defendant's employ as required by statute. The defendant's store was situate in a small town. The number of prescriptions that were required to be filled were few. Dr. Dent was a physician who had been practicing his profession for forty years

and had measurably retired therefrom. He still did some day practice. It seems that he had an agreement with defendant of several years' standing, by which he would either fill or superintend the filling of such prescriptions as were required and in turn for this service the defendant furnished him office room in his store, medicines, etc. It does not appear that Dr. Dent failed to fill any prescriptions presented at defendant's store, or, that he failed to meet every reasonable requirement of his engagement with defendant.

It seems to us that under this state of the case it must be held that the defendant kept constantly in his employ a competent pharmacist, as required by section 4614, Revised Statutes 1889, and that therefore he was authorized to conduct a drug store.

The undisputed evidence shows that the defendant sold at his store one or more drinks of whiskey, so that there is no question as to the sale. The fact that he owned and was conducting a drug store and employed a registered pharmacist therein made him a druggist. If he was carrying on a drug store under a merchant's license alone he should have been prosecuted under the statute in relation to merchants. But if he was both a merchant and a druggist, as was the fact, then he should have been prosecuted for violating the druggist statute. Chap. 58, R. S. 1889.

It was decided by us in State v. Piper, 41 Mo. App. 160, that a duly registered druggist can not be indicted for the illegal sale of liquors under the law applicable to merchants in the sale of liquors. And in State v. Rafter, 62 Mo. App. 101, it was held that a person who sells intoxicating liquors as a druggist or pharmacist, who is properly registered as such, can not be indicted therefor under the dramshop law, but only under the statute relating to druggists and pharmacists. See, also, State v. McAnally, 66 Mo. App. 329; State v. Alexander, 73 Mo. App. 605; State v. Williams, 69 Mo. App. 284. It follows that since the indictment against de-

fendant was under the statute relating to merchants that the conviction can not be upheld.

The judgment is reversed and cause remanded. *Ellison, J.,* concurs; *Gill, J.,* not sitting.