State v. Patton.

STATE OF MISSOURI, Respondent, v. EDWARD
PATTON, Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Criminal Procedure:** MOTION IN ARREST OF JUDGMENT:
PAROL TESTIMONY NOT ADMISSIBLE TO VARY RECORD.
Motions in arrest of judgments reach only defects on the face of the
record, and it is inadmissible for the court to receive evidence on
the hearing of a motion in arrest attacking the validity of the rec-
ord.

2. **Criminal Procedure:** VERIFICATION OF INFORMATION:
HARMLESS ERROR. When it is conceded that informations in a
criminal cause, were properly verified before the trial, but were not
verified before the filing, no error prejudicial to defendant has been
committed, and the irregularity falls within the curative efficacy of
section 2535, Revised Statutes 1899.

Appeal from Butler Circuit Court.—*Hon. James L. Fort,*
Judge.

AFFIRMED.

*L. D. Grove* and *R. H. Stanley* for appellant.

(1) The matter to which the attention of the court is
called in this case is: What is the effect of unlawful and un-
warranted intermeddling with the records of the court? We
say unlawful, for the statute in positive terms recites "that no
process, pleading or record shall be amended or impaired by
the clerk or other officer without the order of such court. We
say unwarranted, for no order of the court was made permit-
ting the change alleged to have been made. We further in-
sist that jurisdiction did not attach to the court to try this

case because an unverified information—to use the language of this court in the case of State v. Bragg (63 Mo. App. 22)— is a nullity. And a nullity can not be amended. Norton v. Falke, 36 Mo. App. 698. (2) On the motion in arrest of judgment, specific allegation was made that no verification was made to these informations, but were changed by the prosecuting attorney and proof offered in the presence of the prosecuting attorney, to show by the clerk of the court that the same had been written thereon eight or ten days after they had become records of the court. Why the court refused to hear this testimony we do not know as the court gave no reason, but if holding that parol evidence was not admissible, the court was wrong, because parol evidence is always admissible to prove what the record is and whether changed or not. 3 Rice on Evidence, p. 62, sec. 36; Brecht v. Corby, 7 Mo. App. 300.

*David W. Hill* for respondent.

(1) Upon the filing of the informations and the verifications with the circuit clerk, in vacation, they became records of the court. R. S. 1899, secs. 2477, 2478, 2480; State v. Pfenninger, 76 Mo. App. 313. (2) Absolute presumption of law that circuit court took judicial notice of the signature of his clerk and seal of his court and saw that the same, as attached to informations, and verifications, were genuine. State v. Pfenninger, 76 Mo. App. 313. This court will presume everything in favor of the jurisdiction of the circuit court, except that which affirmatively appears in the record to the contrary. Schell v. Leland, 45 Mo. 289; Hamer v. Cook, 118 Mo. 476; Gates v. Tusten, 89 Mo. 13; McClanahan v. West, 100 Mo. 309; State v. Farris, 45 Mo. 183. (3) At the common law, and under the law of this State, as well as under the law of all States of the Union, except the

State of Connecticut (where the statute regulates it differently), a motion in arrest of judgment in either a criminal or civil case will only reach the defects apparent on the face of the record, and no others. The court, therefore, properly rejected the parol testimony at the hearing of the motion in arrest of judgment and the motion was properly overruled. R. S. 1899, sec. 2690; 1 Bishop's New Criminal Procedure, p. 792, sec. 1285; 1 Bouvier's Law Dictionary (Rawle's Ed.), p. 169; Wharton's Criminal Pleading and Practice (9 Ed.), p. 527; 2 Encyclopedia of Pleading and Practice, p. 794.

GOODE, J.—The transcript of the record in this case shows that on the first day of May, 1901, three informations were filed in the office of the clerk of the circuit court of Butler county, against the appellant Edward Patton, each of which charged him with the offense of selling intoxicating liquor without having taken out a license as a dramshopkeeper. These cases were afterwards consolidated and tried as one case by the court sitting as a jury and appellant fined two hundred dollars for each offense; judgment was entered accordingly and an appeal taken to this court.

Only one assignment of error is made: the refusal of the court to hear oral testimony on the motion in arrest of judgment tending to prove the informations were not verified by the oath of the prosecuting attorney or any one else at the time they were filed; that the affidavit of David W. Hill, appended to each of the informations, was made on the eighth day of May, 1902, instead of the first day of said month, and that the jurats of the circuit clerk of said court certifying they were subscribed and sworn to before him on the first day of May, were attached by mistake.

This point was not raised until after the trial when it was first sprung in appellant's motion in arrest. The informations on their faces as they stand in the record, appear to have been properly verified at the date of their filing accord-

ing to the jurats of the circuit clerk. No defect is apparent on the face of the record to be reached by a motion in arrest of judgment, and it would have been inadmissible for the court to receive evidence on the hearing of said motion attacking the validity of the record, as the evidence would have been useless unless a wider scope is given to the motion in arrest than is permitted by law. Such motions reach only defects apparent on the face of the record. Wharton's Criminal Pleading and Practice, sec. 759; Bishop's New Criminal Procedure, sec. 1285. In this connection a subtle distinction is attempted by the counsel for the appellants in the several cases pending before us that involve that point, on the theory that as the affidavits were not affixed until after the informations were filed, the affidavits are really no part of the record and if the record is considered without them, as the circuit court should have done, defective informations are shown which were vulnerable to a motion in arrest. The answer to this refinement is that the record before the circuit court, when the motion in arrest was filed, showed the informations to be duly verified and the verifications attested by the jurat of the clerk. The face of the record was fair and complete, and the contention of the appellant that a part of it could be stricken out on oral evidence at the hearing of said motion and the motion then sustained because of a defective record, involves the notion that a motion in arrest may be used to alter the record of a cause, which is not the law.

It is conceded that the informations were properly verified before the trial and omitting to verify them before filing was, in the circumstances, an irregularity which was cured by the judgment. A more harmless error—one less prejudicial to a defendant—can hardly be conceived and we think the irregularity falls within the curative efficacy of section 2535, Revised Statutes 1899, the last clause of which provides that no indictment or information shall be deemed invalid, nor shall the trial, judgment, or other proceeding therein be stayed, ar-

rested or in any manner affected for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

The judgment is affirmed.   All concur.