## STATE OF MISSOURI, Respondent, v. WILLIAM QUINN, Appellant.

### St. Louis Court of Appeals, April 15, 1902.

1. **Criminal Procedure: MOTION IN ARREST OF JUDGMENT: ORAL TESTIMONY CAN NOT BE INTRODUCED ON MOTION IN ARREST.** Evidence, on the hearing of a motion in arrest of judgment, that the informations on which prosecutions were based, were not verified on the dates they purported to be, but at a later date and after warrants had been issued and served on the defendant, was properly rejected by the court.

2. ———: **DETECTIVES CAN BE EMPLOYED BY STATE TO MAKE A CASE.** A case should not be dismissed when it is shown that the prosecuting witnesses were furnished money to buy whiskey of the defendant for the purpose of making a case against him.

3. ———: **ONE CAN BE INDICTED UNDER ONE SECTION AND CONVICTED UNDER ANOTHER, WHEN.** It is a rule of criminal procedure that if one is indicted under one section of statute, and the evidence shows that he is not guilty of a violation of that section, but is guilty of the violation of another section, he may be convicted of a violation under the section of which the evidence shows him guilty, provided the indictment is broad enough to include the offense within its allegations.

4. ———: **INDICTMENT UNDER SECTION FOR VIOLATION OF DRAMSHOP ACT, BROAD ENOUGH FOR ALL PROSECUTIONS OF ALLEGED SALE OF LIQUOR.** Whenever an information is presented charging a sale of intoxicating liquors in violation of the dramshop act and evidence is adduced by the State tending to prove the sale, the license of the defendant, if he has one, whether it be as a druggist, pharmacist, merchant, or dramshop-keeper, is a matter of defense and not a matter to be pleaded in advance by the State in the information on indictment (overruling case of State v. Piper, 41 Mo. App. 160).

5. ———: **PRACTICE, APPELLATE: WHEN CAUSE TRANSMITTED TO SUPREME COURT.** As the result reached in the

case at bar is opposed to State v. Alexander, 73 Mo. App. 606, and State v. Steele, 84 Mo. App. 318, the cause is certified to the Supreme Court for final disposition.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED:   TRANSFERRED TO SUPREME COURT.

*L. D.. Grove* and *R. H. Stanley* for appellant.

(1)   Unauthorized additions or subtractions of matter to a record do not change the record; it still remains record as first made and parol testimony may be taken to show what the record really is (not to change it).   R. S. 1899, sec. 674; State ex rel. v. St. Louis, 67 Mo. 113; 3 Rice on Evidence, p. 62, sec. 36.   (2)   At the time informations were filed no jurisdiction attached to try defendant because unverified. State v. Bragg, 63 Mo. App. 27; State v. Sayman, 61 Mo. App. 244; R. S. 1899, sec. 2477.   (3)   Defendant being a merchant could not be convicted under the Dramshop Act. State v. Alexander, 73 Mo. App. 606; Town of Knox City v. Whittaker, 87 Mo. App. 472; State v. Witty, 74 Mo. App. 551; State v. Steele, 84 Mo. App. 318.

*David W. Hill* for respondent.

(1)   Upon the filing of the informations and the verifications thereof by the prosecuting attorney, with the clerk of the circuit court, in vacation, they became records of the court, and the prosecuting attorney had the right to file them with the clerk at any time in vacation, without leave of court.   R. S. 1899, secs. 2477, 2478, 2480; State v. Pfenninger, 76 Mo. App. 313.   (2)   And parol testimony can not be received to vary or contradict the verity of a solemn record or document.   State v. Primm, 61 Mo. 166; Wharton's Criminal Evidence (9 Ed.), sec. 620.   (3)   At common law, and

under the law of this State, as well as under the law of all States of the Union, except the State of Connecticut (where the statute regulates it differently), a motion in arrest of judgment in either a criminal or civil case will only reach the defects apparent on the face of the record, and no others. The parol testimony was properly rejected, and the motion in arrest was properly overruled. R. S. 1899, sec. 2690; 1 Bishop's New Criminal Procedure, p. 792, sec. 1285; 1 Bouvier's Law Dictionary (Rawle's Ed.), p. 169; Wharton's Criminal Pleading and Practice (9 Ed.), p. 527; 2 Encyclopedia of Pleading and Practice, p. 794. (4) The trial court properly refused the "collusion instruction" offered by the defendant. 1 Bishop's New Criminal Law, pp. 401-2; Isbell v. State, 13 Mo. 86; State v. Keith, 46 Mo. App. 525; Hays v. State, 13 Mo. 246; State v. Bryant, 14 Mo. 340. (5) A defendant on trial for selling liquors without a license, who fails to show that he has a license, is presumed to have none, and the burden of showing that he has such license rests upon the defendant. State v. Durken, 23 Mo. App. 387. (6) But the decision of this court, in the case of State v. Alexander, supra, ought to be overruled, for the reason that it is not sustained by any precedent, good reason or logic, and is in conflict with some of the best decisions of this court, the Kansas City Court of Appeals, the Supreme Court of this State, and the great weight of authority as laid down by the best textwriters and the decisions of sister States; and appellant was properly charged. Wharton's Criminal Law, secs. 708, 2434; Black on Intoxicating Liquors, p. 453; 11 Encyclopedia of Pleading and Practice, p. 535; State v. Moore, 107 Mo. 78; State v. Gibson, 61 Mo. App. 368; State v. Suess, 20 Mo. App. 423; State v. Wright, 20 Mo. App. 412.

BLAND, P. J.—On May 1, 1901, the prosecuting attorney of Butler county filed, in the circuit clerk's office of said county, four informations against the defendant charg-

ing him with four separate violations of the Dramshop Act. At the June, 1901, term of the Butler Circuit Court the issues were made up on the four informations, and by agreement they were all submitted to the court, sitting as a jury, at one time and were all heard at the same time.

The evidence on the part of the State tends to show that defendant sold one half-pint of whiskey at different times and to the several persons named in the several informations. On cross-examination it was developed that the prosecuting witnesses who bought the whiskey, were furnished money by citizens with which to buy it under an understanding that the purchases were to be made with the view to furnishing evidence for these prosecutions.

On the part of the defendant, it was shown that he was the son of L. F. Quinn, and that L. F. Quinn & Son had a state and county license authorizing them to vend goods, wares and merchandise for the period of one year, beginning on November 15, 1900.

The defendant asked the following declaration of law, which the court refused to give:

"The court declares the law to be that if the defendant was a merchant and had a merchant's license, that he is not guilty of a violation of the dramshop law as charged in this information, provided said merchant's license covered the time of the offense as alleged in the counts of this information."

The court, sitting as a jury, found the defendant guilty on all four of the informations, assessed his punishment at a fine of two hundred dollars on each one, and rendered four separate judgments for the fines so assessed. Timely motions for new trial and in arrest of judgment were filed by the defendant which the court overruled and defendant appealed.

I. As in the Patton and Lucas cases (decided at this term), defendant, on the hearing of his motion in arrest of the judgment, offered to prove by parol evidence that the informations were not verified on the dates they purported to

be, but at a later date and after the warrants had been issued and served on the defendant. This evidence was correctly rejected by the court. State v. Patton, 94 Mo. App. 32.

II. As in the Lucas case, defendant contends that the court should have dismissed the cases on the showing that the prosecuting witnesses were furnished money to buy whiskey of the defendant for the purpose of making cases against him. This contention was ruled adversely to the defendant in State v. Lucas, 94 Mo. App. 117, and need not be further noticed here.

III. The undisputed evidence is that the defendant had a merchant's license authorizing him to vend goods, wares and merchandise, including intoxicating liquors in quantities not less than five gallons, when the several sales charged in the informations were made by him, and it is contended that he should have been proceeded against for violations of the law in respect to the sale of intoxicating liquors by merchants, and that he was not amenable to the Dramshop Act.

In State v. Alexander, 73 Mo. App. 605, it was held by this court that a merchant having a license was not amenable to the Dramshop Act. The same ruling was made in the Town of Knox v. Whiteaker, 87 Mo. App. 468. In the Alexander case, the court contented itself by reference to the section of the statute prohibiting merchants from selling intoxicating liquors in less quantities than five gallons. In the Whiteaker case, the court took the position that the Legislature had singled out druggists and merchants as a particular class and conferred upon them the privilege of selling intoxicating liquors under special statutory provisions, and on this assumption held that they could only violate the law under which they were specially licensed, citing State v. Witty, 74 Mo. App. 550; State v. Williams, 69 Mo. App. 284; State v. Piper, 41 Mo. App. 160, cases in which the act pertaining to the sale of liquors by druggists was discussed and which support the class idea. Beginning with State v. Piper, supra, there

is an unbroken line of decisions by both this court and the Kansas City Court of Appeals to the effect that the design of the Druggists and Pharmacists Acts is to cover all the ground in relation to the sale of liquor by druggists and pharmacists without reference to any other statute, and that a licensed druggist or pharmacist can only be prosecuted on account of an unlawful sale of liquor under the Drug Act. We have never been favorably impressed with the logic of the opinion in the Piper case and have not been converted to its soundness by the additional reasoning in some of the cases that have followed it, in which it is said that one of the reasons why a licensed druggist and pharmacist should not be prosecuted under the Dramshop Act is that the prescription of the physician affords him an absolute defense and that he is entitled to be informed by the information or indictment of the name of the person to whom it is charged he made the illegal sale, to afford him, if he has one, time and opportunity to hunt out the prescription from his files and offer it as evidence in his defense. This reasoning loses all of its force in view of the statute which requires the name of every state witness to be indorsed on the information or indictment and makes a failure to so indorse them ground for quashing the information. Neither druggists nor merchants are expressly excepted from the provisions of the Dramshop Act and their immunity, if it exists, must be inferred from some incongruity or clash between the different acts. Such incongruity or clash we have failed to discover.

There is a difference in the penalties fixed by law for the violation of these acts but it is greater for violation of the Merchants and Druggists Acts than for the violation of the Dramshop Act, but the merchant or druggist, if prosecuted under the Dramshop Act could not be heard to complain that he was not prosecuted under an act with a greater penalty than the one under which he was being prosecuted.

The Dramshop Act is very broad. It provides that no

State v. Quinn.

person shall directly or indirectly sell intoxicating liquors in any quantity less than three gallons, either at retail or in the original package, without taking out a license as a dramshop-keeper. Section 2991, R. S. 1899. A druggist may not sell in any quantity exceeding four gallons. Section 3047, R. S. 1899. A merchant may not sell less than five gallons. Section 8563, R. S. 1899. Suppose a merchant makes a sale of less than five gallons, he not only violates the Merchants Act, but he, at the same time, violates the Dramshop Act, if he has no license as a dramshop-keeper, and it seems to us that the State ought to have the right to elect under which one of the two acts it will proceed. And suppose a registered druggist makes a sale exceeding four gallons, would not the sale be a violation of both the Drug and Dramshop Acts, and here again should not the State have the option to prosecute under either act? Or, suppose he should sell less than four gallons, without the prescription of a physician, nor to be used for mechanical or scientific purposes, would he not be guilty of a violation of both the Drug and Dramshop Acts, and upon what principle of law or logic is the State prohibited from electing under which of the two violated statutes it will proceed?

In State v. Moore, 107 Mo. 80, Moore was prosecuted for a violation of the local-option law then in force in the county of Mercer, where he was indicted, He proved that he was a registered and licensed druggist and the proprietor of a drug-store and contended that he should have been indicted as a druggist; that he belonged to a special class set apart by the Legislature to dispense intoxicating liquors. The Supreme Court in banc, through the lamented MACFARLANE, J., said "No" to this contention, and that if the defendant had the prescription of a physician calling for the liquor he sold he could produce it and it would be a complete defense to the indictment. If this is good law why may not a druggist or merchant be prosecuted for a violation of the Dramshop Act, and

Vol 94 app—5

why may he not in his defense, if he has it, show that he was privileged by virtue of his license and occupation to make the sale? In State v. Goff, 66 Mo. App. 491, it was held that one indicted for a violation of the Dramshop Act, who, the evidence showed, conducted a drugstore under a merchant's license, might be convicted for a violation of the Dramshop Act.

It is a general rule of criminal procedure that if one is indicted under one section of a statute and the evidence shows that he is not guilty of a violation of that section but is guilty of the violation of another section, he may be convicted of a violation under the section of which the evidence shows him guilty, provided the indictment is broad enough to include the offense within its allegation. State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123. And we see no valid reason why one who is informed against for a violation of the Merchants Act or the Druggists Act, in respect to the sale of intoxicating liquor, may not be convicted of a violation of the Dramshop Act if the evidence shows him guilty of a violation of the latter act but not guilty of a violation under the statute on which the information is founded. The gravamen of the offense under the several acts is in making a sale without a license authorizing the sale as made, and when the evidence shows an illegal sale to have been made, it seems to us that the mere occupation of defendant as a merchant or as a druggist should not exculpate him from the criminal consequences of his act, nor are we able to perceive why it is that where, as in the case of a merchant or druggist, who makes an illegal sale of intoxicating liquors violative of both the Dramshop Act and the act under which he is carrying on his business, the prosecuting attorney, as in other criminal cases, has not the right to carve out of the transaction any crime embraced within it. 1 Bishop on Criminal Law, sec. 791; Bishop on Criminal Statutes, sec. 1027, State v. Heinze, 45 Mo. App. 403.

The sale of intoxicating liquors being unlawful (Austin

v. State, 10 Mo. 591), some statutory authority must be shown authorizing a sale to remove the criminal element from the transaction, and it seems to us that whenever an information is presented charging a sale in violation of the Dramshop Act and evidence is adduced by the State tending to·prove the sale, that the license of the defendant, if he has one, whether it be as a druggist, pharmacist, merchant, or dramshop-keeper is a matter of defense and not a matter to be pleaded in advance by the State in the information or indictment.

Our conclusion is that State v. Piper, supra, with all of its brood, is opposed to the decision of the Supreme Court in State v. Moore, supra, and should no longer be followed. The defendant was rightfully convicted under the Dramshop Act, notwithstanding his merchant's license, and the judgment is affirmed. As the result reached is opposed to State v. Alexander, 73 Mo. App. 606, and State v. Steele, 84 Mo. App. 318, the cause is certified to the Supreme Court for final disposition. *Barclay* and *Goode, JJ.*, concur.