94 117
e94 4 62
e94 63
p94 124
p94 136
94 117
e170s⁴179

STATE OF MISSOURI, Respondent, v. GEORGE LUCAS, Appellant.

St. Louis Court of Appeals, April 15, 1902.

1. **Sale of Liquor on Sunday:** STATUTORY CONSTRUCTION. Section 2243, Revised Statutes 1899, makes it a misdemeanor for any person to expose for sale any goods, wares or merchandise, or to keep open any ale or porter-house, grocery or tippling-shop, or to *sell* or *retail*, any fermented or distilled liquor on the first day of the week, commonly called Sunday.

2. ————: ————. And the statute may be violated by the doing of any one or all of the acts therein prohibited, one of which is to sell or retail intoxicating liquors irrespective of the place where sold.

3. **Sale of Liquor by Drug Clerk:** DRAMSHOP LAW. Whenever a clerk in a drugstore steps outside of the supervision of the pharmacist and acts on own initiative in making a sale of intoxicating liquor, he throws off the protection with which the law clothes him as an aid, and being neither a druggist, pharmacist nor proprietor of a drugstore, is amenable to the dramshop law.

4. **Motion in Arrest of Judgment:** PAROL EVIDENCE: PRACTICE, TRIAL. Parol evidence on the hearing of a motion in arrest is inadmissible to contradict the record.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

· *L. D. Grove* and *R. H. Stanley* for appellant.

(1) The information as filed by the prosecuting attorney was a nullity; being without verification it would not even warrant the arrest of the defendant. State v. Bragg, 63 Mo. App. 27; State v. Kirchner, 23 Mo. App. 349; State

v. O'Connor, 58 Mo. App. 457; State v. Pruett, 61 Mo. App. 156. (2) The placing of the verification on the information by the prosecuting attorney in vacation, and without notice to defendant was prejudicial error. An officer has no right to change a record without an order of court. · (3) The defendant should have been discharged under the first count of the information, for there was a complete failure of proof to show that the sale of liquor was made in continuation of the regular business of defendant during the secular days of the week. State v. Crabtree, 27 Mo. 232. (4) The offerings made by defendant in support of motion in arrest of judgment should have been heard by the court. State v. Gonce, 79 Mo. 600; State ex rel. v. Harrington, 38 Mo. App. 308; Newton v. Strong, 48 Mo. App. 542.

*David W. Hill* for respondent.

(1) The appellant, being a clerk in a drugstore, was properly charged by the informations. State v. Gibson, 61 Mo. App. 368; State v. Moore, 107 Mo. 78; State v. Suess, 20 Mo. App. 423; State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123; Sec. 2243, R. S. 1899; Sec. 2991, R. S. 1899. (2) If it is a fact that the prosecuting witnesses procured the evidence with the very purpose of prosecuting appellant, they were neither aiders, abettors nor accessories before or after the fact, but were competent witnesses against the appellant and could not have declined to have testified against him. 1 Bishop's New Criminal Law, pp. 401, 402, sec. 658. (3) The parol testimony was properly rejected, and the motion in arrest was properly overruled. Sec. 2690, R. S. 1899; 1 Bishop's New Criminal Procedure, p. 792, sec. 1285; 1 Bouvier's Law Dictionary (Rawle's Ed.), p. 169; Wharton's Criminal Pleading and Practice (9 Ed.), p. 527; 2 Encyclopedia of Pleading and Practice, p. 794.

BLAND, P. J.—Two informations against defendant were filed by the prosecuting attorney of Butler county in the office of the circuit clerk thereof. One charged the defendant with having sold one half-pint of whiskey to one, H. M. Rhodes, on the first day of the week, commonly called Sunday. The other charged him with having sold one half-pint of whiskey to one, A. J. Young, in violation of the Dramshop Act.

The informations were both heard at the same time and by agreement the issues were submitted to the court sitting as a jury. The court, after hearing the evidence, found the defendant guilty on both informations and rendered up separate judgments on each finding. Timely motions for new trial and in arrest were filed by the defendant, which the court overruled, whereupon defendant appealed.

I. At the close of the State's evidence, defendant offered a declaration of law in the nature of a demurrer to the information for the Sunday sale, which the court refused to give. This ruling is assigned as error. The ground of the assignment is a failure in the evidence to show that the sale of the liquor was made in continuation of the regular business of the defendant during the secular days of the week. It had been shown that the liquor was sold from a drugstore. There is no merit in this contention. The section of the statute (section 2243, R. S. 1899) on which the information is bottomed makes it a misdemeanor for any person to expose for sale any goods, wares or merchandise, or to keep open any ale or porter house, grocery or tippling shop, or to *sell* or *retail,* any fermented or distilled liquor on the first day of the week, commonly called Sunday. The statute may be violated by the doing of any one or all of the acts therein prohibited, one of which is to sell or retail intoxicating liquors irrespective of the place where sold.

The case of State v. Crabtree, 27 Mo. 232, relied on by defendant, was an indictment of a grocery-keeper for keeping

open his grocery on Sunday and permitting persons to enter and drink intoxicating liquors and has no application to the facts in this case.

II.   It is insisted that the evidence shows that the appellant was a clerk in a drugstore and that the whiskey mentioned in the information was supplied from the stock in the drugstore, for which reason appellant is not amenable to the Dramshop Act and should have been prosecuted under the law relating to illegal sales of liquor by druggists and pharmacists.

In respect to the compounding of prescriptions of physicians, including those calling for spirituous, vinous or fermented liquors, a clerk in a drugstore is a mere aid to the registered pharmacist in charge and can fill prescriptions only as an aid to the pharmacist and under his supervision.   In the performance of this duty he does not act for himself but for the pharmacist and is, as it were, but the hand of the pharmacist.   His act is the act of the pharmacist.   But whenever he steps outside of the supervision of the pharmacist, and acts on his own initiative in making a sale of intoxicating liquor, he throws off the protection with which the law clothes him as an aid, and being neither a druggist, pharmacist nor proprietor of a drugstore, is amenable to the dramshop law. State v. Gibson, 61 Mo. App. 368; State v. Hammack, 93 Mo. App. 521.

III.   It appears from the evidence that the prosecuting witnesses, on each of the informations, were furnished money by citizens for the purpose of buying whiskey at the Quinn drugstore with a view of prosecuting the seller; that each bought the whiskey in question with the money so furnished.

It further appears from the evidence that the prosecuting attorney of Butler county was informed of this arrangement and made no objection thereto.   Appellant contends that

on this showing the court should have *pro bono publico* dismissed the cases.

Whatever may be said derogatory to the character of those who, as detectives, spies and informers, entrap the lawbreaking class by gaining their confidence and practicing deceit upon them, it has never been ruled that they were incompetent witnesses nor that they might not tell the truth, nor is there any recognized public policy that condemns their occupation. On the contrary, the keen and shrewd detective is one of the greatest safeguards to urban life and a terror to the thugs and theives that infest the cities of the country.

"For ways that are dark and tricks that are vain, the heathen Chinee" is not the only man that is peculiar. The trick of Bret Harte's Chinaman in drawing from his capacious sleeve the winning card at the turn of the game, was a lame performance in comparison with the turning of the wheel of the illicit vender of spirituous liquors from the touch of a small coin and its quick return bearing the desired article, when no human being is visible but the thirsty patron. To discover and bring to justice those who subtly, clandestinely and illegally dispense liquors, the methods resorted to in this case are sometimes indispensable and when nothing more than the truth is elicited and the guilty are brought to justice through their efforts, a valuable service to the community will have been rendered.

IV. To sustain his motion in arrest appellant offered to show by oral evidence that the verification of the informations, by the oath of the prosecuting attorney, was not in fact made until after the warrants for the arrest of the defendant had been issued and served. The court refused to hear this evidence and this ruling is assigned as error. This assignment is disposed of by the case of State v. Patton, 94 Mo. App. 32, in which it was held that parol evidence on the hear-

ing of a motion in arrest is inadmissible to contradict the record.

The judgment is affirmed.   *Barclay* and *Goode, JJ.,* concur.