For the reason stated, the judgment is affirmed. All concur.

---

## STATE OF MISSOURI, Respondent, v. BARNETT, Appellant.

St. Louis Court of Appeals, April 4, 1905.

DRAMSHOP KEEPER: Selling Liquor on Sunday: Bartender. The bartender of a licensed dramshop keeper charged with selling liquor without a license, under section 2991, Revised Statutes of 1899, could not be convicted on proof that he sold liquor for his principal on Sunday. A proper proceeding would have been an information under section 3011, or, section 2243, for selling liquor on Sunday.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*C. G. Shepard* for appellant.

Section 3011, R. S. 1899 points out the method, and the only method for dealing with dramshop keepers, their agents and employees which keep open their place of business, or sell, give away or allow the same to be drank about the premises on Sunday; but to prosecute, under that statute, the information must certainly

charge the defendant with selling on the first day of the week, commonly called Sunday.   On the trial of indictment for selling intoxcating liquors without a dramshop keeper's license, a license covering the time of the alleged sale is complete defense.   State v.   Evans, 84 Mo. 319; State v. Quinn, 94 Mo. App. 59, 67 S. W. 974; State v. Harmon, 106 Mo. 635, 18 S. W. 128.

*L. L. Collins* for respondent.

(1)   It is contended by appellant that he was not charged with selling liquor on Sunday.   In this contention there is no merit, for in the information it is charged, and in the agreed state of facts it is admitted that the sale of liquor was made by appellant on the 3rd day of May, 1903, and that said day was Sunday this court will take judicial knowledge.   Said v. Stromberry, 55   Mo. App. 438.   (2)   Appellant not being a dramshop keeper, druggist, merchant, or distiller, he was properly charged with the violation of section 2991 of Revised Statutes of Mo. 1899. Sec. 2991, R. S. Mo. 1899; State v. Gibson, 61 Mo. App. 368; State v. Hammack, 93 Mo. App. 521; State v. Lucas, 94 Mo. App. 117, 67 S. W. 971.   (3)   If appellant was not guilty of violating section 2991 of R. S. of Mo. 1899, then he was guilty of violating section 2243 of R. S. of Mo. 1899; if guilty of the latter, still appellant was properly informed against, under section 2991, supra, because the information is broad enough to include the violation of either section within  its allegations.   State v. Quinn, 94 Mo. App. 59, 67 S. W. 974. State v. Ambs, 20 Mo. 214; State v. Bearden, 94 Mo. App. 134.

STATEMENT.

The prosecuting attorney of Pemiscot county informed against appellant to the circuit court of said county as follows:

"That said Billy Barnett on the 3rd day of May, A. D. 1903, at the said county of Pemiscot, did then and there unlawfully, wrongfully and wilfully sell intoxicating liquors in less quantity than three gallons, to-wit: one pint of whiskey and one pint of lager beer without then and there taking out and having a license as a dramshop keeper or any other legal authority to sell the same, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Missouri."

The information is based upon section 2991, R. S. 1899, which is as follows:

"No person shall, diretly or indirectly, sell intoxicating liquors in any quantity less than three gallons, either at retail or in the original package, without taking out a license as a dramshop keeper."

The defendant entered a plea of not guilty. A jury being waived, by agreement, the case was submitted to the court. The evidence was undisputed. It appears in the record before us in the agreed statement of facts, in substances as follows: That defendant, Billy Barnett, in Pemiscot county, Missouri, within one year next before the filing of the information in the above case, on the 3rd day of May, 1903, said day being the first day of the week commonly called Sunday, sold and disposed of the amount and quantity and kind of liquor charged in the information; that at the time of said sale the defendant was not a licensed dramshop keeper but that he was the regular clerk, agent or bartender for one Ira Barnett, who was, on said date, a licensed dramshop keeper in said county and was at such time working under the instructions of Ira Barnett. The court found the defendant guilty and assessed his punishment at a fine of forty dollars. Defendant appealed therefrom.

The only point made in this court is that as the information charged the offense under section 2991, supra, of "selling liquor in less quantity than three gallons without first taking out a license as a dramshop keeper,"

and inasmuch as the evidence shows the sales of liquor made by him were made on Sunday, that defendant should have been informed against and tried under the provisions of section 3011, R. S. 1899, which is as follows:

"Any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity on the first day of the week, commonly called Sunday, or upon the day of any general election in this State, shall, upon conviction thereof, be punished by a fine not less than fifty nor more than two hundred dollars, shall forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years next thereafter."

Defendant contends that he was charged with one offense and convicted upon an offense wholly different and distinct from the one charged against him.

NORTONI, J. (after stating the facts).—It is conceded that appellant sold the liquor as charged on May 3rd, 1903, and that May 3rd was Sunday. It is also conceded that appellant had no license himself as a dramshop keeper but that he was acting when the sale of liquor was made as the agent, servant or bartender of his employer, Ira Barnett, who was a licensed dramshop keeper.

There can be no doubt that if the evidence had shown the sale of liquor to have been made on Saturday, May 2nd or Monday, May 4th, together with a showing that appellant was acting for his principal, and that such principal was a licensed dramshop keeper, this would have made a complete defense to this prosecution for selling without a license. State v. Evans, 83 Mo. 319; State v. Moore, 107 Mo. 78, 16 S. W. 937; State v. Quinn, 94 Mo. App. 59, 67 S. W. 974. Had Ira Barnett, the principal, been informed against instead of this ap-

pellant for selling without a license and the evidence showed him to have been licensed, as it did in this case, and that he sold liquor on Sunday, his license would have been a complete defense to selling without a license. State v. Evans, 83 Mo. 319. To be sure, he (the principal or proprietor) might have been proceeded against under section 3011, supra, for selling on Sunday but that would be quite a different case. In that case it would be incumbent upon the State to prove him to be a licensed dramshop keeper before he could be successfully prosecuted thereunder, (State v. Kurtz, 64 Mo. App. 123), while in this case it is incumbent upon the State, under the charge contained in the information, to prove that appellant was unlicensed. The charge is selling without a license. Appellant has shown he is not guilty thereof by producing the license of his employer.

Appellant might have been successfully prosecuted under section 2243, R. S. 1899, "for selling fermented or distilled liquor on the first day of the week commonly called Sunday" or his principal might have been successfully prosecuted, if appellant had made a sale with the knowledge and consent of his principal as shown in the evidence, under section 3011, supra, on the charge of being a licensed dramshop keeper and having suffered the sale of liquors on his premises on the first day of the week commonly called Sunday, but to sustain a judgment resting on the charge of selling without a license when the undisputed proof shows appellant to have been licensed by virtue of his principal's license, as in this case is more than we can do. The judgment is therefore reversed. All concur.