THOMAS *v.* STATE.

(*Nashville,* December Term, 1944.)

Opinion filed May 5, 1945.

A. E. HORN, of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a conviction of unlawfully selling intoxicating liquor, with punishment fixed at a fine of $50.00 and sixty days in jail. That the defendant sold the intoxicating liquor is not denied. The defense interposed and rejected below was that of entrapment based upon the circumstances of the sale.

The testimony of witnesses for the State, who are detectives connected with the Police Department of the City of Memphis, is that information was received by the Police Department that intoxicating liquor was being unlawfully sold by the bell boys employed in this capacity in the Chisca Hotel. Acting under instructions, an officer in civilian clothes, visited the hotel on a certain Sunday morning. As he neared the cashier's desk, the defendant, a bell boy, approached him and he inquired of the bell boy about getting some whiskey. The defendant replied, "yes, sir," and told the officer to catch the elevator and go to the fourth floor and wait for him, which he did. The witness proceeded: "In a few minutes he came up with a quart of whiskey wrapped in a newspaper for which I gave him two marked ten dollar bills." He was then shown and identified this bottle, which he made an exhibit. The ten dollar bills had been marked for identification. They were produced and identified. The officer said further that the defendant charged him $11 for the bottle of whiskey and gave him in change one five and four one dollar bills. As soon as the defendant delivered the whiskey to the officer and he had turned the money over to him, he placed the defendant under arrest and recovered from him the two ten dollar bills. He said that the defendant was clad in a bell boy's uniform at the hotel. The officer admitted that he had had no previous information as to this particular boy selling liquor, but visited the hotel and made

inquiry of this bell boy because of the information which had been received that the bell boys at this hotel were engaged in selling intoxicating liquor.

The defendant took the stand and admitted having made the sale and having made the delivery on the fourth floor pursuant to arrangement, saying that he went to his locker and there procured the whiskey. His testimony varied in some details as to just what transpired. He said that the officer told him that he needed a drink; that he was not engaged in the business; that this was the only bottle of liquor he had and he had purchased it at the Peabody liquor store; that he had never been arrested before on a charge of trafficking in liquor. He testified that he did not at first agree to procure the liquor, but that when the request was pressed upon him he told the officer, who was unknown to him to be an officer, that the bottle would probably cost $12.00 if he could get it, and the officer told him that he would give him $11.00 and a tip, and then he finally told the officer that "I will sell you my bottle," which he said he had in a locker where he kept his change of clothes.

The case was submitted to a jury on the plea of not guilty and the jury found the defendant guilty. The motion for a new trial raised the question of entrapment and this defense is that which is relied upon on this appeal.

It appears that the trial Court relied upon the case of *Hyde* v. *State*, 131 Tenn. 208, 174 S. W. 1127, as laying down the rule in this State holding that the defense of entrapment is not available. The opinion in the *Hyde Case*, by Mr. Justice Williams, cites and follows *Grimm* v. *United States*, 156 U. S. 604, page 610, 15 S. Ct. 470, 472, 39 L. Ed. 550, in which it was said, we think applicable here, that, "it does not appear that it was the

purpose of the post-office inspector (that being a case involving a violation of the postal laws) to induce or solicit the commission of a crime, but *it was to ascertain whether the defendant was engaged in an unlawful business.*" (We italicize pertinent language.)

It is the duty of the police force of a city to enforce the criminal laws and we think it was a reasonable exercise of the power thus vested in them and the duty imposed upon them, being informed that the law was being violated in this particular by this group, to visit the scene and pursue in the reasonable way indicated an inquiry into the facts and make this inquiry in the form of a test, such as the proof shows.

In *Hyde* v. *State, supra* at page 219 of 131 Tenn., at page 1130 of 174 S. W., the Court said:

"By an overwhelming weight of authority it is held that a person making an unlawful sale of intoxicating liquor is not excused of the criminal consequence because the sale was induced for the purpose of securing inculpating testimony. In [*Board of Com'rs of*] *Excise* v. *Backus,* 29 How. Prac., N. Y., 33, involving a sale of liquor, it was said:

" 'The mode adopted by the plaintiffs to bring to light the malfeasance of the defendant had no necessary connection with his violation of law. He exercised his own volition, independent of all outside influence or control.'

"A long line of authorities is in accord, among the cases being [*City of*] *Evanston* v. *Myers,* 172 Ill. 266, 50 N. E. [204], 205; *People* v. *Murphy,* 93 Mich. 41, 52 N. W. 1042; *State* v. *Lucas,* 94 Mo. App. 117, 67 S. W. 971; and see note 17 Ann. Cas. 296."

There has been no modification of the rule thus announced in any later decision of this Court, and we see

no reason for such modification on the facts of the instant case.

The defense of entrapment has been very fully dealt with in Annotations in 18 A. L. R. 146, 162 66 A. L. R. 478, 488, and 86 A. L. R. 263, 267. While it appears that this defense has been recognized and given effect in some jurisdictions, including Federal Courts, our analysis of these cases, and of the annotations above mentioned, leads to the conclusion that the defense of entrapment has not been sustained "when the only inducement offered by an officer to promote a sale of liquor is an offer to buy."

■ The annotator in A. L. R., reviewing the authorities which recognize the defense, as this state has not done, says that the defense has not been entertained where there is no undue inducement and the officers have reasonable ground to suspect that unlawful sales are being made by the defendant. We think that the same rule in principle applies where the officer has reasonable ground to suspect that sales are being made by a certain limited group or set of men, as in the case now before us.

■ It will be noted that the defense is entertained only where there has been undue inducement. An illustration of such a case is afforded by the facts before the court in the case of Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249, strongly urged upon us by counsel for the defendant, in which case the court held that the trial court was in error in refusing to submit to the jury the question of whether or not on the facts of that case there had been an entrapment. As suggested, that was a case well within the rule of "undue" inducement. There was misrepresentation and persuasion to an unusual and inexcusable degree. It was upon the peculiar and extraordinary facts of that

case, as set forth in much detail and emphasized in the opinion, that the court reached its conclusion. The facts and circumstances were wholly unlike those of the instant case, where the only ''inducement'' was an agreement to pay to the seller the price he demanded, which yielded him a handsome profit.

Even if it should be conceded that the defense of entrapment is available in this jurisdiction, as it is not, we are not of opinion that the holding in *Sorrells* v. *United States* would require recognition of this defense on the facts of the instant case.

The judgment is affirmed.